UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO APPOINT DR. ZVI BODIE AS AN INDEPENDENT EXPERT (filed 12/07/10)

## I.    INTRODUCTION & BACKGROUND

In these related class action cases, plaintiffs Vida F. Negrete ("Negrete"), as conservator for Everett Ow ("Ow"), and Carolyn B. Healey ("Healey") (collectively, "plaintiffs"), on behalf of themselves and a nationwide class of an estimated 200,000 senior citizens, allege that defendant Allianz Life Insurance Company of North America, Inc. ("Allianz") conspired with a network of affiliated Field Marketing Organizations ("FMOs") to induce class members to purchase deferred annuities issued by Allianz by means of misleading statements and omissions regarding the value of those annuities.

Negrete filed suit against Allianz on September 19, 2005, alleging the following claims for relief: (1) violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. ("RICO"); (2) elder abuse under Cal. Welf. & Inst. Code §§ 15610 et seq. ("§ 15610"); (3) unlawful, unfair and fraudulent business practices under California's Unfair Competition Law ("the UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) false and misleading advertising under Cal. Bus. & Prof. Code §§ 17500, et seq. (the "False Advertising Law" or "FAL"); (5) breach of fiduciary duty; (6) aiding and abetting breach of fiduciary duty; and (7) unjust enrichment and imposition of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

constructive trust. On December 22, 2005, Healey filed suit against Allianz, alleging similar claims for relief. The Court ordered coordination of the two actions as related cases (collectively, "Allianz").

On April 14, 2008, Allianz filed a motion for summary judgment on plaintiffs' RICO claims. See Allianz Dkt. No. 291. In opposition, plaintiffs submitted a declaration from Dr. Craig McCann opining about the worth or value of Allianz's annuities. See Allianz Dkt. No. 376. On February 13, 2009, Allianz moved to exclude McCann's declaration pursuant to Federal Rules of Evidence 403 and 702. See Allianz Dkt. Nos. 469–72. The Court has not considered Allianz's motion for summary judgment and motion to exclude McCann's declaration.

Since April 2009, the Court has granted multiple continuances of case deadlines in Allianz, while the Court considered issues relating to the admissibility of McCann's opinions in two similar cases: Vida F. Negrete v. Fidelity & Guar. Life Ins. Co., CV 05-6837 CAS (MANx) ("F&G") and In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., MDL 07-1825 CAS (MANx) ("Midland").[1] After considering summary judgment motions and motions to strike McCann's declaration brought by defendants in Midland and F&G, the Court appointed, pursuant to Federal Rule of Evidence 706, Dr. Zvi Bodie as a neutral expert witness. See F&G Dkt. No. 171, Amended Order Appointing Rule 706 Expert Witness; see also Midland Dkt. No. 199. The Court, however, never considered the expert report issued by Bodie, never ruled on the summary judgment motions, and made no judicial determination as to the reliability of McCann's opinions because both Midland and F&G settled. See Midland Dkt. No. 448 (Motion for Settlement Approval of Final Approval of Class Action settlement); F&G Dkt. No. 317 (final order and judgment approving settlement agreement).

---

[1] Plaintiffs in the instant case are represented by the same counsel as plaintiffs in Midland and F&G. As in the instant case, plaintiffs utilized McCann as their designated expert in offering opinions about the worth or value of annuities in Midland and F&G.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

  On December 13, 2010, Allianz filed the instant motion to appoint Bodie as an independent expert in this case. On December 20, 2010, plaintiffs filed an opposition. Allianz replied on January 10, 2011. The Court held a hearing on Allianz's motion on February 16, 2011. Having carefully considered the arguments of both parties, the Court finds and concludes as follows.

**II. LEGAL STANDARD**

  A district court has discretion to appoint an expert witness under Federal Rule of Evidence 706:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations.

Fed. R. Evid. 706(a); see Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) ("the district court . . has the discretion to appoint an expert *sua sponte* under Federal Rule of Evidence 706(a)."). The Ninth Circuit gives district courts "wide latitude" in deciding whether to appoint a Rule 706 expert. See Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd., 558 F.3d 1341, 1348 (Fed. Cir. 2009) (applying Ninth Circuit law).

**III. DISCUSSION**

  Allianz moves to appoint Bodie as a Rule 706 expert on the grounds that, as the Court recognized in Midland and F&G, an independent expert is necessary to evaluate McCann's theories in this case. Mot. at 4–7. Allianz maintains that if the Court is inclined to appoint a Rule 706 expert, the most efficient way to proceed is to appoint Bodie because he was appointed in Midland and F&G. Id. at 7–10.

  Plaintiffs respond that appointing a Rule 706 expert in this case will cause needless delay. Opp'n at 3–4. The Rule 706 process in Midland and F&G lasted more than a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

year, and plaintiffs contend that replicating the process in this case will be no less time-consuming, complicated, and expensive. Id. at 4. Moreover, plaintiffs maintain that there is little efficiency to be gained by appointing Bodie as a Rule 706 expert because this case is different than Midland and F&G.[2] Finally, plaintiffs argue that it is premature to appoint a Rule 706 expert because, unlike Midland and F&G, the Court has not considered Allianz's pending summary judgment motion and briefing on Allianz's motion to strike McCann's declaration is not complete. Id. at 6–7.

Allianz replies that its motion to appoint Bodie is neither presumptuous nor premature because the Court contemplated that Bodie's opinion in Midland and F&G would be relevant to the instant case. Reply at 3 (citing Declaration of Stephen J. Jorden, Ex. 4 (June 30, 2008 Allianz Hearing Tr.) at 8:11–18 ("Obviously, McCann is being vetted in the other cases as we sit here. And it may well be that if Dr. Bodie opines that there is not really any scientific basis in what McCann says, we may all find ourselves in a situation where the class will be decertified.")). Allianz further replies that plaintiffs exaggerate the potential delay associated with the Rule 706 process because McCann's theories in this case are not materially different from his theories in Midland or F&G. Id. at 8–9.

The Court finds that it is premature to appoint a Rule 706 expert in this case. The Court has not yet considered Allianz's pending summary judgment motion, and briefing on Allianz's motion to strike McCann's declaration is not complete. It is possible that the Court is capable of deciding the pending motions without resorting to the Rule 706 process.

---

[2] Plaintiffs argue that beyond the parties and evidentiary records being different, the annuity products sold by Allianz are dissimilar from those at issue in Midland and F&G. Opp'n at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES Allianz's motion to appoint Dr. Zvi Bodie as an independent expert.[3]

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

[3] Plaintiffs argue that even if the Court were to appoint an independent expert in this case, the Court should not appoint Bodie because he is biased due to his "close and ongoing relationship with the insurance/annuity industry and . . . entanglements with Allianz, Allianz's litigation counsel and its expert, Craig Merrill." Opp'n at 7. Allianz disputes plaintiffs' characterization of Bodie, and argues that there are no reasonable grounds to question Bodie's independence. Reply at 4–8. Because the Court is not appointing a Rule 706 expert at this stage, the Court declines to consider this issue. Nevertheless, the Court reminds plaintiffs that when it embarked on the Rule 706 process in Midland and F&G, the Court supplied the parties with twenty potential expert witnesses and honored the parties' objections to the proposed candidates. Ultimately, the Court appointed Bodie as the Rule 706 expert in Midland and F&G without objection from the parties.