UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|

**Proceedings:** **(In Chambers:) DEFENDANT'S MOTION TO DECERTIFY THE CALIFORNIA CLASS** (filed June 3, 2013) [936]

**PLAINTIFF'S MOTION FOR MODIFICATION OF THE DEFINITION OF THE CERTIFIED CLASSES** (filed June 11, 2013) [937]

## I.    INTRODUCTION

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of July 8, 2013, is vacated, and the matter is hereby taken under submission.

In these related class action cases, plaintiffs Vida F. Negrete ("Negrete"), as conservator for Everett Ow ("Ow"), and Carolyn B. Healey ("Healey") (collectively, "plaintiffs"), on behalf of themselves and a nationwide class of an estimated 200,000 senior citizens, allege that defendant Allianz Life Insurance Company of North America, Inc. ("Allianz") conspired with a network of affiliated Field Marketing Organizations ("FMOs") to induce class members to purchase deferred annuities issued by Allianz.

On November 26, 2006, the Court granted class certification of a nationwide RICO class, as well as a California subclass asserting claims under the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and a claim for "financial abuse" under the Elder Abuse Act, California Welfare & Institutions Code § 15610.30.  Negrete v. Allianz Life Ins. Co. of N. Am., 238 F.R.D. 482, 496–97 (C.D. Cal. 2006) ("Negrete I").  In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

doing so, the Court found the adequacy of representation and typicality requirements satisfied under Federal Rule of Civil Procedure 23(a) as to both named plaintiffs.   On February 8, 2007, the Court formally appointed Negrete and Healey as Class Representatives, with Negrete, as conservator for Everett Ow ("Ow"), serving as representative for the California class.  Dkt. No. 167.  At that time, Allianz did not object to her appointment.

On May 30, 2012, Allianz moved to decertify the nationwide RICO class on the grounds that the class no longer met the requirements of commonality, typicality, and predominance under Federal Rule of Civil Procedure 23(a) and (b).  The Court denied Allianz's motion to decertify the nationwide RICO class on December 27, 2012.  Negrete v. Allianz Life Ins. Co. of N. Am., 287 F.R.D. 590 (C.D. Cal. 2012) ("Negrete II").

On October 6, 2012, Ow passed away.  On June 3, 2013, Allianz filed the instant motion to decertify the California-only subclass, contending that Negrete will be an inadequate class representative in light of Ow's death.  Plaintiffs opposed the motion on June 24.

On June 11, 2013, plaintiffs filed a motion to modify the definition of both the nationwide and California classes by excluding certain products and individuals from the original class definitions.  Allianz does not oppose modification of the class definitions in principle, but it raises various objections to plaintiffs' proposed modifications and class notice.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

### A.     Procedural History

On March 14, 2006, Negrete was permanently appointed as Ow's conservator.  By the time of Ow's deposition in June 2006, Negrete testified that his memory had further declined.  Friedman Decl. Opp'n, Ex. 1 (Negrete Depo. 78:22–79:14).  In July 2008, Negrete stated that Ow could no longer "accurately remember events occurring in 2002

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

and . . . [was] incapable of currently recalling seeing documents or what documents meant even though he may have read the documents at the time." Id. Ex. 3 (Negrete Decl., July 7, 2008, ¶¶ 6–7).  In response to this submission, Allianz contended at that time that this development "calls into question [Ow's] ability to serve as class representative."  Dkt. No. 470 at 28 (February 13, 2009).

Negrete reaffirmed Ow's lack of mental capacity in July 2011.  Id. Ex. 4.  Ow passed away on October 6, 2012, and plaintiffs gave notice of his passing on October 17, 2012.

**B.      Modification of the Class Definition**

The Court originally certified a RICO and California class as follows:

**The RICO Class**

All persons who within the applicable statute of limitations of the date of the commencement of this action and while 65 years of age or older, purchased one or more Allianz Life Insurance Company of North America deferred annuities either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy.

**The California Class**

All California residents who within the applicable statute of limitations of the date of commencement of this action and while 65 years of age or  older, purchased one or more Allianz Insurance Company of North America deferred annuities either directly, or through the surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy.

Negrete I, 238 F.R.D. at 496–97.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

After further discovery in this action, plaintiffs determined that certain of the class products do not exhibit recoverable class-wide damages resulting from the alleged misrepresentations at issue.  Therefore, plaintiffs seek to exclude the following products from the Class Definitions: the Annuitizer, Cash Bonus Elite, Cash Buffet, the Dominator Five through Ten series, Ideal, Ideal Index, Ideal Index 75 and 100, Powerhouse, PowerRate 5, PowerRate 5 Elite, Accumulator X, Accumulator Classic, and the InCommandDex.  (collectively, the "Excluded Products").[1]

By way of their amended class definitions, plaintiffs also seek to exclude class members encompassed by the settlement in Castello v. Allianz Life Ins. Co. of N. Am., Case No. 03-20405 (Hennepin Cty., Minn.), approved on November 19, 2007, as well as class members encompassed by the settlement in Iorio v. Allianz Life Ins. Co. of N. Am., Case No. 05-cv-0633 (S.D. Cal.), approved on March 3, 2011.  See Decl. of Andrew Friedman in Support of Mot. for Modification of Class Definition ¶ 10.

Allianz does not object in principle to plaintiffs' request to modify the class defintions, but does object to the precise wording of the definition as well as the form of plaintiffs' proposed notice.  In reply, plaintiffs indicate their agreement with nearly all of Allianz's proposed amendments to plaintiffs' proposed class notice, save for one sentence concerning the information provided to class members regarding the statute of limitations.

## III.  LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause."  Here, the Court has already set a deadline of May 30, 2012, for filing a motion to

---

[1] In addressing Allianz's recent  motion to decertify the RICO class, the Court considered the class as defined by the modifications that plaintiffs' propose herein.  See Negrete II, 287 F.R.D. at 596–97.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

decertify and other dispositive motions, pursuant to the parties' stipulation.  Dkt. No. 825.
 "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
seeking the amendment" to the scheduling order.  Johnson v. Mammoth Recreations, Inc.,
975 F.2d 604, 609 (9th Cir. 1992).  Accordingly, while the court may consider the
"existence or degree of prejudice" to the opposing party, the focus of the court's inquiry
is upon the moving party's explanation for failure to diligently move for the relief it is
now seeking.  Id.  In general, "[t]he pretrial schedule may be modified 'if it cannot
reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v.
S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th  Cir. 2002) (quoting Johnson, 975 F.2d at
609).

### B.      Federal Rule of Civil Procedure 23

        For a suit to be maintained as a class action, the proposed class must "satisfy the
criteria set forth in subdivision (a). . . , and it also must fit into one of three categories
described in subdivision (b)."  Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,
— U.S. —, 130 S. Ct. 1431, 1437 (2010).  More than a pleading standard, Rule 23
requires the party seeking class certification to "affirmatively demonstrate . . . compliance
with the rule."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. —, —, 131 S. Ct. 2541, 2551
(2011).  This requires a district court to conduct "rigorous analysis" that frequently "will
entail some overlap with the merits of the plaintiff's underlying claim."  Id.

        Under Federal Rule of Civil Procedure 23(c)(1)(C), a "[a] district court may
decertify a class at any time."  Rodriguez v. West Publ'g Corp., 563 F.3d 948, 966 (9th
Cir. 2009); see also Officers for Justice v. Civil Serv. Comm'n of City & County of San
Francisco, 688 F.2d 615, 633 (9th Cir. 1982) (describing a class certification order as
"inherently tentative").  In deciding whether to decertify, a court may consider
"subsequent developments in the litigation," Falcon, 457 U.S. at 160, including "previous
substantive rulings in the context of the history of the case, and. . . the nature and range of
proof necessary to establish the class-wide allegations," Marlo v. UPS, 251 F.R.D. 476,
479 (N.D. Cal. 2008).  The standard is the same for class decertification as it is with class
certification: a district court must be satisfied that the requirements of Rules 23(a) and (b)
are met to allow plaintiffs to maintain the action on a representative basis.  Marlo v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | | Date | July 3, 2013 |
|---|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | | |

United Parcel Serv., Inc., 639 F.3d 942, 947 (9th Cir. 2011).

## IV.   ANALYSIS

### A.   Allianz's Motion to Decertify the California Class

Allianz contends that allowing plaintiffs to proceed with Negrete as class representative for the California class, acting in her capacity as executor of Ow's estate, would violate Federal Rule of Civil Procedure 23(a)(4), as well as amount to a denial of due process for Allianz and the absent class members.

At the outset, however, the Court finds that Allianz's motion is untimely. Pursuant to the parties' stipulation, the Court set a date of May 30, 2012, as the deadline for filing a motion to decertify the class and other dispositive motions. Dkt. No. 825. Allianz filed its motion to decertify the nationwide RICO class (not on adequacy grounds) and other motions directed to the merits of plaintiffs' claims by the deadline, but it did not file a motion to decertify the California class. Therefore, Allianz must demonstrate "good cause" for amending the scheduling order under Rule 16(b)(4) in order for the instant motion to be timely. Allianz fails to do so here.

In particular, Allianz could have raised the issue of Negrete's adequacy long ago, as she—not Ow—has been the named class representative from the inception of this litigation. While Allianz maintains that its motion was precipitated by Ow's passing and his inability to testify at trial, Allianz has known of Ow's incapacitation, and his inability to testify at trial, since July 2008. See Friedman Opp'n Decl. Ex. 3 (Negrete Decl., July 7, 2008, ¶¶ 6–8. In July 2011, Negrete again confirmed the fact of Ow's mental incapacitation. Id. Ex. 4.; see also id. Ex. 8 (Oral Argument Tr., Oct. 6, 2011 at 64:3–7). Yet despite having this information, Allianz failed object to Negrete's continued representation of the California class until now, ostensibly as a result of Ow's death. But because Ow was already unable to testify at trial, his recent passing has not detracted from Negrete's ability to serve as a class representative. The thrust of Allianz's eleventh hour argument is that Negrete was never an adequate representative, due to her status as a conservator, an argument that Allianz declined to make for years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

There is no question that Negrete can continue to vigorously prosecute this action on behalf of the class, as she has done during the long course of this litigation to date. Her change in status, from that of conservator to executor, does not transform her into an inadequate representative for the California class.  See, e.g., In re Pharmaceutical Indus. Average Wholesale Price Litig., 277 F.R.D. 52, 60–61 (D. Mass. 2011) (finding an executor to be an adequate class representative); Shamberg v. Ahlstrom, 111 F.R.D. 689, 693–95 (D.N.J. 1986) (appointing co-executors as class representatives).  Here, contrary to Allianz's contentions, the class representative has not passed away, as Negrete remains willing and able to prosecute this case on behalf of the class.

Even when the actual class representative dies during the litigation, as a leading treatise on class actions has noted, courts "will normally permit the estate's representative to be substituted for the decedent as the class's representative."  1 Newberg on Class Actions § 3:71 (5th ed.).  Some courts have required plaintiffs to prove that "(1) all beneficiaries of the estate expressly consented to the pursuit of the litigation'; and, in addition, (2)'the executor avers that the estate will not bear the costs of the litigation because he will assume those costs personally.'"  Id. (quoting In re FleetBoston Fin. Corp. Sec. Litig., 253 F.R.D. 315, 325 (D.N.J. 2008)).  Here, plaintiffs' counsel has already indicated that they will not be seeking reimbursement of costs from Ow's conservatorship or estate or from Negrete.  Moreover, two of the five beneficiaries have already indicated their consent to this litigation during the conservatorship hearing, and plaintiffs' counsel represent that they can obtain consent from the remaining beneficiaries.  As such, the Court finds that Negrete remains an adequate representative in light of Ow's death.[2]

---

[2] The Court also agrees with the majority of courts to have addressed the issue that the executor does not have a structural conflict of interest as a result of her dual duties to the estate and to the class.  See, e.g., Shamberg, 111 F.R.D. at 694.  She seeks to maximize the recovery on behalf of both the class and the estate, interests that are not incompatible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

In addition to Ow's death, Allianz seizes on plaintiffs' counsel's statement in Court on November 8, 2012, that Ow was "incompetent, suffering from dementia and advanced Alzheimer's" at the time of his 2006 deposition. Decl. of Denise Fee, Ex. A at 42–43. Allianz contends that because of this "representation," Ow's deposition testimony will not be admissible at trial, and that this "new" development makes this motion timely.

But Allianz's out-of-context citation to a single statement from plaintiffs' counsel fails to account for the numerous instances where Negrete, as conservator, has spoken directly to Ow's mental state; she has testified to the fact that Ow was indeed competent at the time of his deposition on June 12 and 13, 2006. Moreover, Ow's testimony itself reflects the fact he was, in large part, able to understand counsel's questions and articulate responses. Under Federal Rule of Civil Procedure 32(a)(4), this deposition is available for use at trial.

Allianz's further argument—that this testimony is insufficient as a matter of law to prove Ow's reliance on the alleged representations—is an argument on the merits that the Court has found wanting before, and Ow's death does nothing to change the Court's prior conclusions. See, e.g., Dkt. No. 805 at 21–22 (denying Allianz's renewed motion for summary judgment on the element of reliance of the named class members). Accordingly, the Court finds that Negrete remains an adequate representative and denies Allianz's untimely motion to decertify the California class.

**B.    Plaintiffs' Motion to Modify the Class Definitions**

The parties are in substantial agreement as to the modifications to be made to the class definitions and the proposed form of notice to be sent to the class members. The sole remaining dispute concerns the notice provided to class members with respect to the statute of limitations applicable to their potential claims.

First, the proposed new class definitions are as follows:

**The RICO Class**:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx)<br>CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

All persons who between September 19, 2001 and November 21, 2006, and while 65 years of age or older, purchased one or more the Class Products from Allianz Life Insurance Company of North America either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy.  The Class Products are: 10% Bonus PowerDex Elite, 5% Bonus  PowerDex  Elite,  Accumulator Bonus  Maxxx,  Accumulator  Bonus Maxxx Elite, Bonus Dex, Bonus Dex Elite, FlexDex Bonus, FlexDex Multi--? Choice, FlexDex Multi-Choice  Elite, MasterDex, MasterDex 5, MasterDex 10, Power 7, Power 7 Elite, PowerDex, PowerDex Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice and Total Security Annuity.

Excluded from this Class are: (1) the plaintiffs in <u>Castello v. Allianz Life Ins. Co. of N. Am.</u>, Case No. MC03-20405 (Hennepin Cty., Minn.) and persons who purchased an Accumulator Cash Bonus Annuity or Cash Bonus Elite Annuity form Allianz or LifeUSA Insurance Company between December 22, 1997 and October 31, 2005; (2) plaintiffs and class members in <u>Iorio v. Allianz Life Ins. Co. of North America</u>, Case No. 05CV633JLS (CAB) (S.D. Cal.) whose claims were extinguished by the <u>Iorio</u> Judgment and Release; (3) individuals who opted-out  of the present litigation on or before May 15, 2007; and (4) any officer, director, employee or agent of Allianz.

**The California Class:**

All California residents who between September 19, 2001 and November 21, 2006, and while 65 years of age or older, purchased one or more of the Class products from Allianz Insurance Company of North America either directly, or through the surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy.  The Class Products are: 10% Bonus PowerDex Elite, 5% Bonus PowerDex  Elite, Accumulator Bonus  Maxxx, Accumulator  Bonus Maxxx Elite, Bonus Dex, Bonus Dex Elite, FlexDex Bonus, FlexDex Multi-Choice, FlexDex Multi-Choice  Elite, MasterDex, MasterDex 5, MasterDex 10, Power 7, Power 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx) <br> CV 05-8908-CAS (MANx) | | Date | July 3, 2013 |
|---|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | | |

Elite, PowerDex, PowerDex Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice and Total Security Annuity.

Excluded from this Class are: (1) the plaintiffs in Castello v. Allianz Life Ins. Co. of N. Am., Case No. MC03-20405 (Hennepin Cty., Minn.) and persons who purchased an Accumulator Cash Bonus Annuity or Cash Bonus Elite Annuity form Allianz or LifeUSA Insurance Company between December 22, 1997 and October 31, 2005; (2) plaintiffs and class members in Iorio v. Allianz Life Ins. Co. of North America, Case No. 05CV633JLS (CAB) (S.D. Cal.) whose claims were extinguished by the Iorio Judgment and Release; (3) individuals who opted-out of the present litigation on or before May 15, 2007; and (4) any officer, director, employee or agent of Allianz.

Dkt. No. 949, Ex. B. The Court finds that the proposed modifications to the class definitions are adequate in light of plaintiffs' representations and therefore adopts them here.

As to the proposed form of notice, plaintiffs propose that excluded class members be advised of the fact that any tolling of the statute of limitations will expire upon their exclusion from the class, and that therefore, excluded class members must bring any claims they may have within a specified time period. Allianz proposes more general language informing class members about the "effect" of amending the class definitions on the timeliness of any claim they may have.

The Court agrees with plaintiffs that greater specificity with respect to the notice provided to class members about the statute of limitations is appropriate. In all other respects, the parties appear to be in agreement as to the form of the proposed notice, and the Court finds it to be acceptable. Accordingly, plaintiffs shall send the proposed notice attached as Exhibit 2 to plaintiffs' reply, Dkt. No. 949, to those class members who will be excluded from the class.

**V.    CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838-CAS (MANx) <br> CV 05-8908-CAS (MANx) | Date | July 3, 2013 |
|---|---|---|---|
| Title | VIDA F NEGRETE V. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

In accordance with the foregoing, the Court DENIES Allianz's motion to decertify the California class.  The Court hereby modifies the class definitions as set forth in this order.  Plaintiffs shall send the class notice to those class members who will be excluded from the class and have not filed a notice of opt-out.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| Initials of Preparer | | MS | | |