UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andrew Friedman | Denise Fee |
| Steven Jodlowski | Stephen Jorden |
| Theodore Pintar | Lance Etcheverry |

**Proceedings:**   MOTIONS IN LIMINE (Dkts. 972, 973, 974, 975, 976, 977, 979, 980, 981, 982, 983, 984, 986, 987, 1000, filed September 5, 2013)

MOTIONS TO EXCLUDE (Dkts. 978, 985, 988, 990, 991, 992, 993, 994, 995, 996, 1001, 1002, 1003, 1004, 1005, filed September 5, 2013)

# I. INTRODUCTION

This matter is currently set for trial on March 4, 2013. Dkt. 967. On September 5, 2013, the parties filed their motions in limine and motions to exclude witnesses. On November 1, 2013, the parties filed their oppositions. On November 25, 2013, the parties filed replies in support of their motions to exclude witnesses. On December 9, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.[1]

---

[1] This tentative order quotes portions of various under seal documents submitted in support of the parties' moving papers. At the hearing on December 9, 2013, the Court inquired if any party had an objection to unsealing these materials as part of the Court's final order. With the exception of a single sentence in section IV.N, infra, no party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

## II. MOTIONS PERTAINING TO EVIDENCE OF STATE REGULATORY ACTION

Both parties have filed several motions seeking to exclude various pieces of evidence relating to actions taken by state insurance regulators, as well as the standards imposed by those regulators:

- Plaintiffs move to exclude the testimony of Allianz expert witness Mary F. Keller, a former Texas Senior Associate Commissioner of Insurance.  Dkt. 985.

- Plaintiffs move to exclude any evidence concerning the approval of Allianz annuities by state insurance regulators.  Dkt. 979.

- Allianz moves to exclude a collection of evidence related to investigatory proceedings by various non-California insurance regulators.  Dkt. 984.

- Allianz moves to exclude two investigatory reports prepared by the California and Vermont insurance regulatory agencies.  Dkt. 974.

- Allianz moves to exclude the testimony of plaintiffs' expert Richard Baum, a former Chief Deputy Insurance Commissioner with the California Department of Insurance.  Dkt. 955.

After reviewing the parties' motions, the Court has concluded that neither party should be allowed to offer evidence concerning actions taken—or not taken—by state insurance regulators.  Much of this state-regulatory evidence appears to be irrelevant to either plaintiffs' theory of liability or Allianz's defenses.  As the Court concluded in its order on Allianz's renewed motion for partial summary judgment, "even if the Allianz

objected.  Accordingly, the Court hereby unseals any sealed language quoted herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

contracts were approved by state regulators, it would not deprive this Court of the authority to adjudicate plaintiffs' claims." Dkt. 805 at 18. Conversely, even if state regulators concluded that Allianz engaged in misconduct, that conclusion would not compel a finding of liability in this case. Moreover, this evidence appears to be raise numerous evidentiary questions, including hearsay, expert qualifications, and potential prejudice. Although some of these evidentiary questions may be resolvable through the parties' pretrial motions, many more evidentiary issues would undoubtedly arise at trial.

Accordingly, even if this evidence did have some marginal relevance, "allowing [the parties] to introduce this evidence would result in a series of 'mini-trials' regarding the grounds for the decisions and the regulatory schemes of the" various states involved. In re Seroquel Products Liab. Litig., 601 F. Supp. 2d 1313, 1318 (M.D. Fla. 2009). Trial courts may "exercise discretion in the conduct of the trial, to prevent a time-consuming series of mini-trials." Blackie v. Barrack, 524 F.2d 891, 906 (9th Cir. 1975); accord United States v. Vazquez-Torres, 92 F. App'x 502, 504 (9th Cir. 2004) ("[T]he district court was duly concerned about the potential to confuse the jury and develop a mini-trial on an ancillary issue."). The Court therefore finds that neither party will be permitted to introduce evidence relating to state insurance regulators. Accordingly, the Court grants the five motions in limine listed above.

## III. PLAINTIFFS' MOTIONS

### A. Motion to Exclude Certain RICO Statutory Terms

Plaintiffs move to exclude any use of the terms "racketeering" or "corrupt organization" on the grounds that it would mislead the jury about plaintiffs' burden of proof under RICO. Dkt. 975. Plaintiffs further seek to exclude any reference to trebling of damages or attorneys' fees under RICO, see 18 U.S.C. § 1964(c). Plaintiffs argue that the term "racketeering" is publicly associated with organized crime and extortion. Allowing Allianz to invoke "racketeering," according to plaintiffs, would lead the jury to believe that they can only find against Allianz if plaintiffs prove Allianz was engaged in a criminal enterprise. RICO, however, has "become a tool for everyday fraud cases brought against 'respected and legitimate 'enterprises.''" Sedima, S.P.R.L. v. Imrex Co.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and<br>CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------|------|-------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Inc., 473 U.S. 479, 499 (1985). Similarly, plaintiffs aver that RICO's treble damages and attorneys' fees provisions "are irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award." HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994).

Allianz responds that it does not intend to refer to the treble damages and attorneys' fee provisions. Opp. Dkt. 1050 at 3. With respect to "racketeering," however, Allianz contends that an essential element of plaintiffs' case is proving that Allianz engaged in a "pattern of racketeering activity." 18 U.S.C. § 1962; see also Sedima, 473 U.S. at 496 ("A violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."). As such, Allianz argues that it should be able to argue to the jury that it was not involved in a "pattern of racketeering activity."

The Court agrees. The cases which plaintiffs cite involve the exclusion of references to RICO's treble damages and attorneys' fees provisions. See, e.g., Liquid Air Corp. v. Rogers, 834 F.2d 1297, 1300 (7th Cir. 1987) (treble damages); Fujisawa Pharm. Co., Ltd. v. Kapoor, 92 C 5508, 1999 WL 543166 (N.D. Ill. July 21, 1999) (treble damages and attorneys fees). Excluding references to treble damages and attorneys' fee is, as Allianz concedes, clearly proper because the award of treble damages and attorneys' fee is a matter of law, and thus "irrelevant to the jury questions of liability and damages." HBE Leasing, 22 F.3d at 45. Whether Allianz engaged in a "pattern of racketeering activity," by contrast, is an issue of fact to be decided by the jury.

Accordingly, plaintiffs' motion in limine is granted as to references to treble damages and attorneys' fees, and otherwise denied. Plaintiffs may seek a pretrial instruction to the jury on the meaning of "racketeering" in the context of RICO actions.

**B. Motion to Preclude Evidence of Consequences of Adverse Verdict**

Plaintiffs move to exclude any reference to the potential impact of an adverse verdict on Allianz. Dkt. 977. As a general matter, evidence about the impact of an adverse verdict on Allianz's financial condition "would run afoul of the well-established principle that a jury is to base its verdict on the evidence before it, without regard to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
| --- | --- | --- | --- |
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

possible consequences of the verdict." Shannon v. United States, 512 U.S. 573, 576 (1994). At this stage however, plaintiffs have not specifically identified which statements or evidence they seek to exclude. Accordingly, the Court agrees with Allianz that plaintiffs' motion is premature. Plaintiffs' motion is therefore denied, without prejudice to being renewed at trial through objection to specific arguments and evidence.

### C. Motion to Preclude Allianz from Introducing Live Testimony of Any Allianz Witness Not Made Available to Plaintiffs in Plaintiffs' Case-in-Chief

Plaintiffs move for an order requiring Allianz to make available during plaintiffs' case-in-chief all witnesses that Allianz intends to call during its case-in-chief. Dkt. 982. Plaintiffs specifically identify five Allianz witnesses whom it may wish to call during its case-in-chief, all either former Allianz employees, or officers of Allianz-affiliated Field Marketing Organizations ("FMOs").[2] Plaintiffs' motion, however, encompasses the entirety of Allianz's witness list, including current Allianz employees and Allianz experts. Plaintiffs contend that requiring Allianz to produce these witnesses during plaintiffs' case-in-chief will ensure that plaintiffs are "afforded the same opportunity as defendant to examine" these witnesses. Mot. Dkt. 982 at 3.

Allianz responds that it is willing to make available its current officers and employees who are on both parties' witness lists, so long as plaintiffs either previously identified those witnesses as "Will Call" witnesses or notify Allianz of their intent to call the witnesses no later than December 31, 2013. Allianz also requests that it be allowed to conduct its own direct examination of these witnesses during plaintiffs' case-in-chief. Allianz argues that conducting its direct examination during plaintiffs' case-in-chief will conserve trial time by allowing each witness to appear only once. Cf. Am. Steel & Stairways, Inc. v. Lexington Ins. Co., 2013 WL 4425704 (N.D. Cal. Aug. 14, 2013) ("It makes little sense to require those witnesses to testify twice, when once would be sufficient.").

---

[2] These witnesses are: Patrick M. Foley, Lisa Resnick, Charles F. Field, Jr., Tyrone Clark, and Joseph R. Lehman.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

The Court finds that Allianz's proposal to make available its current officers and employees is reasonable. However, the Court declines to rule at this point on when Allianz may conduct its direct examination of these witnesses. Similarly, with respect to witnesses who are not current Allianz employees, the Court declines to issue a blanket order requiring Allianz to make those witnesses available at trial. At trial, both parties may renew their requests in the course of identifying specific witnesses whom they wish to examine during plaintiffs' case-in-chief.

### D. Motion to Exclude Testimony of Dr. Craig Merrill

Plaintiffs move to exclude portions of the testimony of Allianz's expert Dr. Craig Merrill. Dkt. 988. Dr. Merrill's expert testimony focuses on rebutting the damages model offered by plaintiffs' expert Dr. Craig McCann. Plaintiffs object that Dr. Merrill's testimony relies in large part on the individualized preferences of class members. Plaintiffs assert (1) that this violates the class certification order holding that this case is not about the subjective preferences of each class member, but instead about the objective value of the annuities, and (2) that relying on individualized preferences is legally inconsistent with the damages available under RICO.

After reviewing Dr. Merrill's expert report, Pintar Decl. Ex 8 ("Merrill Report"), it appears that several of the conclusions listed in the report may turn on a legally incorrect theory of damages. Dr. Merrill, for example, opines that "[o]ne of the most important features of deferred annuities is downside risk protection, the value of which is not fully reflected in a risk-neutral model . . . that gives no consideration to any policyholder's individual needs and goals." Merrill Report ¶ 12. Dr. Merrill concludes from this that Dr. McCann's damages model misstates the damages suffered by any individual policyholder.

However, even if the subjective value of the annuity to an individual policyholder may turn on the individual factors identified by Dr. Merrill, damages under RICO do not depend on subjective valuations, but rather on objective losses. Put differently, the fact that an individual policyholder placed an especially high subjective value on his or her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

annuity would not entitle that policyholder to greater damages than a policy holder who was personally indifferent to his or her otherwise identical annuity. Berg v. First State Ins. Co. makes this point clearly:

> [Plaintiffs] claim injury to a valuable intangible property interest in their liability policies when the policies were cancelled; viz, "both the protection [the policies] afforded against potential financial loss in the future and the present peace of mind that flows from such protection." This statement describes a personal injury in the form of emotional distress, not a claim for an injury to property as [RICO] requires.

915 F.2d 460, 464 (9th Cir. 1990). Here, the subjective factors identified by Dr. Merrill are analogous to the "protection" and "present peace of mind" that the Ninth Circuit held to be personal damages in Berg. Allianz responds that"[w]hen Dr. Merrill addresses Dr. McCann's failure to properly account for or otherwise incorporate the value of all of the annuities' features, Dr. Merrill is not suggesting what a juror should consider when 'calculating damages.'" Opp. Dkt. 1059 at 8. This is a distinction without a difference: insofar as Dr. Merrill attacks Dr. McCann's model for not incorporating individual preferences in his damages model, Dr. Merrill necessarily asserts that a correct damages model would account for individualized preferences.

More persuasive is Allianz's argument that Dr. Merrill's testimony about individualized preferences rebuts plaintiffs' classwide theory of reliance. Allianz reasons that if individual class members decided to purchase annuities for reasons other than strict purchase-date value—for example, because the annuity satisfied the class member's unusually low tolerance for risk—that would rebut plaintiffs' contention that "no rational senior would have bought any of the Allianz deferred annuities if they had known the truth about their true value." Dkt. 134 at 18.

The Court tentatively concludes that Dr. Merrill's testimony may be relevant to rebut plaintiffs' theory of reliance. Accordingly, the Court finds that Allianz should be permitted to offer testimony from Dr. Merrill about how individualized preferences

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title    | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

would bear on an individual's decision to purchase annuities, provided that Dr. Merrill does not discuss those individualized preferences in terms of quantifiable "value."

### E. Motion to Preclude Trial Testimony of Undisclosed Witnesses

Plaintiffs move to exclude the testimony of Allianz witnesses Caroline Cernik, David Asplund, and Nancy Nuechterlien. Dkt. 1000. Ms. Cernik's husband Josef Cernik, Mr. Asplund, and Ms. Nuechterlien were all randomly selected pursuant to an agreement between the parties for the deposition of ten absent class members. Friedman Decl. ¶ 4. Allianz deposed Josef Cernik, but did not depose Ms. Cernik, Mr. Asplund, or Ms. Nuechterlien. Plaintiffs contend that, in reliance on Allianz's decision not to depose Ms. Cernik, Mr. Asplund, or Ms. Nuechterlien, they also decided not to take depositions from these three individuals.

Allianz, however, listed Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien as potential trial witnesses on its supplemental witness disclosure, which it served on plaintiffs on March 1, 2013. Because these witnesses were not listed on Allianz's initial Rule 26(a)(1)(A) witness disclosures, and the supplemental witness list was not served until after the close of discovery, plaintiffs argue that the March 1, 2013 disclosure was both untimely and prejudicial.

The Court finds this argument unpersuasive. On September 19, 2008, after the close of discovery, the parties stipulated that they would

exchange, 70 days prior to trial, a list of all witnesses and exhibits they intend to introduce at trial. If, after the exchange of witness lists, any party desires to take a limited, expedited deposition of a person on the other party's witness list who was not deposed in this action during the period for fact discovery, the party seeking the deposition(s) shall, within 3 business days of receiving the witness list, provide written notice to the other party of the identify of the witness(es) to be deposed and the proposed time limits for the deposition(s).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Dkt. 413 at 2.  Allianz's March 1, 2013 disclosure appears to have complied with the procedure set forth in this stipulation.  If plaintiffs wished to take Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien's depositions, they were entitled to do so under the stipulation, notwithstanding the close of discovery.  Moreover, plaintiffs were notified of the identities of Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien "with ample time remaining under Rule 26(a)(3)."  In re First Alliance Mortgage Co., 471 F.3d 977, 1000 (9th Cir. 2006).  Accordingly, the Court concludes that Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien should not be excluded on the basis of untimely disclosure.

Plaintiffs also object in passing that the testimony of  Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien would be cumulative because Allianz has listed eight other absent class members as potential witnesses.  Because plaintiffs have not substantiated this argument by explaining why the testimony would be cumulative, the Court declines to exclude Ms. Cernik, Mr. Asplund, and Ms. Nuechterlien based on the present record.  Accordingly, plaintiffs' motion is denied.

### F. Motion to Exclude Report of Dr. Zvi Bodie

In 2008, the Court named Dr. Zvi Bodie as a court-appointed expert under Federal Rule of Evidence 706 to assist in two other annuities class actions, Vida F. Negrete v. Fidelity & Guar. Life Ins. Co., CV 05-6837 CAS (MANx) ("F&G"), and In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., MDL 07-1825 CAS (MANx) ("Midland").  At the Court's direction, Dr. Bodie prepared a report evaluating the damages methodology then proffered by plaintiffs' expert Dr. Craig McCann.  On September 21, 2008, Dr. Bodie issued a report critical of Dr. McCann's damages methodology.  The Court, however, never ruled on the reliability of or relied on Dr. Bodie's report, as both F&G and Midland settled.

Allianz now seeks to introduce Dr. Bodie's report and deposition testimony from F&G and Midland to attack Dr. McCann's methodology in this case.  The Court previously denied Allianz's motion to appoint Dr. Bodie as a Rule 706 expert in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

See Dkt. 630.  Plaintiffs move to exclude all evidence relating to Dr. Bodie, on multiple grounds.  Dkt. 1001.

Rule 702(d) requires that experts have "reliably applied the principles and methods to the facts of the case."  Here, plaintiffs argue, Dr. Bodie prepared his report and reached his conclusions on the basis of the facts of different cases.  See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., MDL 07-1825 CAS (MANx), Dkt. 199 (order appointing Dr. Bodie) ("Dr. Bodie shall review and consider only the matters contained in the Joint Record of Information listed in Exibit A to this Order and as specified below.").  In particular, plaintiffs argue the Dr. Bodie has not reviewed Dr. McCann's expert testimony or report in this case, which they contend involves different products and different alleged misrepresentations than F&G and Midland.  Accordingly, plaintiffs reason, Dr. Bodie's report and deposition testimony are not relevant expert testimony under Rule 702.

Allianz responds that the conclusions reached by Dr. Bodie in F&G and Midland continue to apply in this case.  In this regard, Allianz avers that Dr. McCann's damages model still suffers from the same defects previously identified by Dr. Bodie.  Because these defects, in Allianz's view, go to the economic assumptions underlying Dr. McCann's damages calculations both in this case and in F&G and Midland, the factual differences between the cases are immaterial to whether Dr. Bodie's expert conclusions are still valid.  See Opp. Dkt. 1055 at 11 ("Dr. Bodie's opinion was about Dr. McCann's valuation methodology, not the pricing documents or sales brochures of Midland or F&G.").

Allianz's arguments about the similarity between this case and F&G and Midland are misplaced.  For Dr. Bodie's prior report to be admissible in this case, Allianz must present evidence that Dr. Bodie's report and testimony express opinions that reliably apply to the facts of this case.  See, e.g., Cloud v. Pfizer Inc., 198 F. Supp. 2d 1118, 1130 (D. Ariz. 2001) ("[F]ederal judges must exclude proffered scientific evidence under Rule 702 unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury.").  Normally, an expert could provide the requisite testimony explaining how his own opinions reliably apply to the facts of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

case. Here, however, Allianz only offers Dr. Bodie's report and deposition testimony and these materials do not state whether the conclusions in F&G and Midland also apply to this case.

Accordingly, Allianz must make some showing that the differences between this case and Midland/F&G do not materially affect Dr. Bodie's conclusions. This showing, however, would itself have to take the form of expert testimony. For instance, plaintiffs represent that, after Dr. Bodie issued his report, Dr. McCann updated his damages model to account for additional features of Allianz annuities. Mot. Dkt. 1001 at 6; see also Dkt. 929 (Decertification Order) at 7 ("Plaintiffs note that they have adopted a 'refined' theory of damages . . . ."). Allianz minimizes these updates, arguing that "Dr. Bodie's opinions go well beyond the failure of the model to incorporate certain features of the annuity." Opp. Dkt. 1055 at 8. But whether or not these updates are significant enough to undermine Dr. Bodie's report is a question requiring expert testimony about the reasoning underlying Dr. Bodie's conclusions. Bare legal argument, of the kind offered by Allianz, is not enough. And because Allianz has not adduced any expert testimony showing that Dr. Bodie's conclusions still apply to this case, the Court concludes that Allianz has not met the requirements of Rule 702.

Moreover, even if Allianz could introduce evidence showing the similarities between this case and Midland/F&G, the Court would still find that this evidence should be excluded under Rule 403. Properly contextualizing Dr. Bodie's report would require explaining to the jury that it was prepared for an earlier case, and objects to an earlier version of Dr. McCann's report. The Court is not prepared to spend significant trial time litigating the similarities or dissimilarities between this case and two cases that settled years previously. In particular, this evidence would present a significant risk of confusing the issues between plaintiffs' allegations in this case, and the allegations made by the plaintiffs in F&G and Midland. Likewise, Allianz intends to offer several expert witnesses at trial to attack Dr. McCann's methodology. In light of this expert testimony, the Court finds that also admitting Dr. Bodie's report would be needlessly cumulative.

The Court therefore grants plaintiffs' motion to exclude the expert report and testimony of Dr. Bodie. The Court notes that Allianz suggests in passing that it may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

introduce Dr. Bodie's report for the purpose of impeaching Dr. McCann's credibility. Because the admissibility of Dr. Bodie's report for impeachment purposes may depend on the exact testimony given by Dr. McCann at trial, the Court defers the question of its admissibility for these purposes. If Allianz wishes to use the report for the purpose of impeachment, it may seek permission to do so at trial.

**G. Motion to Exclude Testimony of Bradford Cornell**

Plaintiffs move to exclude the testimony of Allianz's financial expert Bradford Cornell. Dkt. 1002. Dr. Cornell's testimony focuses on rebutting the testimony of plaintiffs' expert Dr. Craig McCann. Plaintiffs object to Dr. Cornell's testimony on two grounds.

First, plaintiffs argue that certain portions of Dr. Cornell's testimony rely on the wrong legal standard by focusing on the subjective value of annuities to individual policyholders. In his report, Dr. Cornell opines that "it does not appear that [Dr. McCann] has incorporated the utility value that individual purchasers expected to derive from their annuities." Friedman Decl. Ex. 17 ("Cornell Report") ¶ 21. Similar, Dr. Cornell states that "[s]ome policyholders, depending on their health, aversion to risk, requirements for agent support and other individual characteristics may value a given Allianz deferred annuity more than others, but all of them will place a value on the annuity equal or greater to the price they pay." Id. ¶ 24.

These opinions largely track the opinions of another Allianz expert, Dr. Craig Merrill. As discussed above in section III.D, Dr. Merrill's opinions may use a legally erroneous theory of damages, because RICO damages turn on objective prices, rather than subjective valuations. See Berg v. First State Ins. Co. 915 F.2d at 464. Accordingly, the Court adopts the same approach to Dr. Cornell's testimony on subjective valuation as it does with Dr. Merrill's testimony. Allianz may offer testimony from Dr. Cornell about how individualized preferences would bear on an individual's decision to purchase annuities, provided that Dr. Cornell does not discuss those individualized preferences in terms of quantifiable "value."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Plaintiffs next argue that the balance of Dr. Cornell's testimony should also be excluded because it is needlessly cumulative of Dr. Merrill's testimony. Plaintiffs emphasize the similarity of Dr. Cornell and Dr. Merrill's backgrounds, and the overlap between their respective testimony on the complexity of Allianz annuities and the competitiveness of annuities markets. <u>Compare, e.g.</u>, Cornell Report ¶¶ 16, 26-32, 33, 36, <u>with</u> Merrill Report ¶¶ 47-48. The Court finds this argument unpersuasive. Although there are some similarities between Dr. Cornell's and Dr. Merrill's report, it cannot be said that their testimony is wholly cumulative.

In accordance with the foregoing, the Court grants in part and denies in part plaintiffs' motion to exclude. Allianz may not offer testimony by Dr. Cornell on the subjective value of Allianz annuities to individual purchasers. Plaintiffs' motion is otherwise denied. Plaintiffs may renew their objection to specific cumulative testimony at trial.

**H. Motion to Exclude Testimony of Janice Wassel**

Plaintiffs move to exclude the testimony of Allianz expert Dr. Janice Wassel. Dkt. 1003. Allianz retained Dr. Wassel, a gerontologist, to give expert testimony about (1) whether the named plaintiffs exemplify the characteristics of American seniors and (2) whether seniors as a group are vulnerable to financial exploitation. Friedman Decl. Ex. 2 ("Wassel Report") ¶ 5. Dr. Wassel opines that seniors are highly heterogeneous, and that plaintiffs' assertions about the vulnerability of seniors "are not supported by the gerontological literature." <u>Id.</u> ¶ 6. Dr. Wassel also opines about several ways in which the named plaintiffs are distinct from the senior population as a whole. <u>Id.</u> ¶ 26.

Plaintiffs argue that Dr. Wassel's opinions are irrelevant as a result of this Court's rulings on class certification. In certifying the class, this Court held that "[i]f plaintiffs had sought to prove their case by showing the individual financial circumstances and tolerance for risk of absent class members, or what was said to them orally or by their advisors, class certification would not be appropriate." Dkt. 134 at 18. Instead, the Court found that "plaintiffs have accepted a high bar for proving their case, namely, that no rational senior would have bought any of the Allianz deferred annuities if they had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

known the truth about their true value." Id.  In other words, the Court concluded that this case turns on alleged uniform misrepresentations, rather than the particular circumstances of individual class members.  Accordingly, plaintiffs reason, Dr. Wassel's testimony about the characteristics of seniors is irrelevant—because plaintiffs' cannot prove their claims by showing the susceptibility of individual class members to financial deception, Dr. Wassel's testimony that not all seniors are vulnerable does not tend to make any fact of consequence more or less probable.  See Fed. R. Evid. 401.  Similarly, plaintiffs contend that Dr. Wassel's opinions on whether the named plaintiffs exemplify seniors generally improperly challenged the Court's previous findings on adequacy and typicality.  Negrete, 238 F.R.D. at 487-89.

Allianz makes three arguments in response.  First, Allianz argues that, notwithstanding the Court's rulings on class certification, plaintiffs make repeated references to Allianz's efforts to target "vulnerable" seniors.  Allianz canvasses plaintiffs' papers for language to this effect, as well as citing the reports of plaintiffs' experts Natalie Denburg and Neil Granger, who both opine on the vulnerability of seniors to financial exploitation.  In light of plaintiffs' efforts to portray Allianz as exploiting the vulnerabilities of seniors, Allianz argues that it should be able to show that seniors are not in fact all vulnerable to exploitation.  Second, Allianz argues that despite class certification, Allianz is entitled to rebut commonality and predominance through individualized proof at trial.  Allianz cites In re St. Jude. Med., Inc., 522 F.3d 836, 840 (8th Cir. 2008), for the proposition that "although the Court ruled that plaintiffs have raised common questions, Allianz has the right to show that the answers are not common." Dr. Wassel's testimony about the heterogeneity of seniors, Allianz contends, is relevant to making such a showing.  Third, Allianz contends that Dr. Wassel's testimony does not challenge the adequacy of the the named plaintiffs, but rather uses the named plaintiffs as "examples of the heterogeneity of people age 65 and over."  Opp. Dkt. 1060 at 9 (citing Wassel Report at 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

The Court finds the Dr. Wassel's testimony is irrelevant.[3]  As Allianz itself argues in connection with its other motions in limine, see, e.g., section III.F, supra, this is a case about alleged uniform misrepresentations, not about the particularities of specific annuity sales.  As such, testimony about the vulnerability, or lack thereof, of elderly class members is irrelevant, as "plaintiffs have accepted a high bar for proving their case, namely, that no rational senior" would purchase Allianz annuities absent Allianz's misrepresentations.

Allianz's explanations of the relevancy of Dr. Wassel's testimony are unpersuasive.  The issue to be tried is whether a rational person would not have chosen to purchase any Allianz deferred annuity if he or she had known the truth about the true value of the annuity.  The vulnerability of seniors to financial exploitation is not at issue since under the standard plaintiffs have accepted as their burden of proof, the sophistication or vulnerability of any class member has no bearing on the claim because regardless of heterogeneity or homogeneity, no rational senior would have chosen the annuities in question.

Similarly, for the same reason, the Court also finds that the testimony of plaintiffs' experts Natalie Denburg and Neil Granger is irrelevant.  The Court thus rejects Allianz's contention that Dr. Wassel "rebuts" the arguments made by plaintiffs.  Nor is the Court persuaded by Allianz's reliance on In re St. Jude. Med., Inc.  The quoted portions of St. Jude addressed whether a class should be certified, not on what testimony would be relevant when trying an already-certified case.  See 522 F.3d at 837.  Here, by contrast, the Court certified the class over seven years ago, see dkt. 134, and subsequently heard and denied two separate motions to decertify, see dkt. 929, 952.  Accordingly, the Court finds that Dr. Wassel's testimony is irrelevant and grants plaintiffs' motion to exclude.

---

[3] In light of this conclusion, the Court declines to address plaintiffs' argument that Dr. Wassel's testimony would improperly challenge the Court's prior rulings on adequacy and typicality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

### I. Motion to Exclude Testimony of Amy Lynch

Plaintiffs move to exclude the testimony of Allianz's expert Amy Lynch. Dkt. 1004. Ms. Lynch is currently the president of a consulting firm specializing in regulatory compliance for investment firms. Her expert report indicates that her current position involves reviewing "prospectuses, sales brochures, advertisements and other material relating to the sale of mutual funds and insurance contracts" and "assist[ing] clients in the develop of sales materials for the use in the sale of such contracts." Friedman Decl. Ex. 43 ("Lynch Report"), at 1. Plaintiffs do not challenge Ms. Lynch's qualifications; instead, plaintiffs contend that Lynch's expert opinion is speculative and will invade the province of the jury.

Lynch's expert report indicates that she will offer the following three opinions based on her review of Allianz's sales materials,:

a) The guaranteed benefits as described in the materials adequately and accurately disclose what the consumer should expect to receive from the policy. The conditions for receipt of those benefits also are adequately and accurately disclosed.

b) Allianz' consumer brochures containing the phrase "no initial charges" or "no sales load" are truthful in fact. The deferred annuities sold to plaintiffs Ow and Healy have no sales charges or sales loads as those terms are typically used in the financial industry.

c) Allianz' use of the term "immediate" or "up-front" in describing the premium bonus in consumer brochures is not misleading, based on my experience with broker-dealers, distributors and consumers, because the bonus amount is immediately credited to the annuity contract value.

Lynch Report, at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Plaintiffs object that allowing Lynch to opine about whether Allianz's representations were "truthful in fact" will usurp the jury's role in determine whether Allianz's sales materials were in fact misleading made misrepresentations.  Cf. In re Motor Fuel Temperature Sales Practices Litig., 2012 WL 3611010 (D. Kan. Aug. 22, 2012) ("[A]llow[ing] witnesses to opine whether certain conduct is "deceptive," "unconscionable," "misleading" or "unfair" will invade the province of the jury to determine whether defendants' conduct is deceptive.").  Plaintiffs particularly emphasize that, under RICO, the standard for evaluating whether a statement is misleading is whether the statement was "reasonably calculated to deceive persons of ordinary prudence and comprehension."  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1415 (3d Cir. 1991) (quoting United States v. Pearlstein, 576 F.2d 531, 535 (3d Cir. 1978)).  Accordingly, plaintiffs reason, Lynch's opinion that "Allianz' consumer brochures . . . are truthful in fact" will not aid the jury in determining whether those brochures were "reasonably calculated to deceive persons of ordinary prudence and comprehension." Plaintiffs' further object that, insofar as Lynch is opining about whether class members were in fact deceived, those opinions are improper speculation.[4]

Allianz responds that Lynch's testimony is intended to explain to the jury how terms such as "no initial charges" and "immediate" bonus are used in the financial industry.  Allianz contends that this testimony is relevant because whether its use of these terms is consistent with industry practice bears on "Allianz's alleged intent to deceive class members."  Opp. Dkt. 1058 at 5.

The Court finds Allianz's argument unpersuasive.  Although the meaning of terms within the context of the financial industry may or may not be an appropriate subject of expert testimony, Lynch's proffered opinions go far beyond explaining the meaning of these terms.  Lynch's expert report is replete with statements such as "Ow's and Healy's policies . . . clearly describe Allianz's guarantees and limitations," and "[s]ince the terms of the bonus are stated in the [disclosure statement], the policy holder is aware of how it

---

[4] In its opposition, Allianz represents that Lynch will not testify about the state of mind of particular class members.  Opp. Dkt. 1058 at 3 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

is applied and the requirements to receive payment of the bonus were disclosed at the time of purchase." Lynch Report at 3, 5. These bare conclusions simply reiterate Allianz's theory of the case, rather than aiding the jury with specialized knowledge. As such, they invade the province of the jury, and are therefore improper. Cf. Kostelecky v. NL Acme Tool/NL Indus., Inc., 837 F.2d 828, 830 (8th Cir. 1988) ("Under either [Rule 701 or Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible."); see also Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert."). As such, plaintiffs' motion to exclude the testimony of Amy Lynch is granted.

### J. Motion to Exclude Certain Testimony of William Wilkie

Plaintiffs move to exclude certain evidence offered by Allianz expert Dr. William Wilkie. In particular, plaintiffs object to three consumer surveys that Dr. Wilkie relies upon in support of his opinion that there is "no basis for accepting that the allegations of the named plaintiffs are actually representative of the policyholders of the over 270,000 policies in this class." Friedman Decl. Ex. 33 ("Wilkie Report"), at 28. These three surveys are:

- A 1999 study of annuity purchasers conducted by the Life Insurance Marketing and Research Association ("LIMRA"). Dr. Wilkie cites this survey for the proposition that "[m]ore than three out of four annuity purchasers reported that the person selling them their annuity contract (54%) or their financial advisor (23%) was the most important source of information for the purchase, with no other source of information coming close." Id. at 17.

- A survey conducted by Dr. Wilkie of purchasers of household appliances. Dr. Wilkie cites this survey for the proposition that "[w]hen asked for their 'most used information source' for the purchase, salespersons were named more than 4.5 times more often than the combined category of brochures/labels." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

- A 2006 study of Allianz annuity purchasers conducted by LIMRA. LIMRA's Customer Assurance Program ("CAP") distributed questionaires to all purchasers of Allianz annuities. For purposes of this case, Dr. Wilkie selected a subsample of roughly 250 questionnaires returned by class members. Id. at 26. He cites his statistical analysis of this subsample for the proposition that "it is inappropriate to generalize that there is a systemic problem in the consumer class with either the sales process or consumer understanding at the time of purchase of [Allianz annuities.]" Id. at 27.

Plaintiffs object to this evidence as, among other things, irrelevant. In response, Allianz contends that this evidence is relevant because it tends to disprove plaintiffs' theory of classwide reliance.[5] The gravamen of this survey evidence is that interactions with salespeople play a more important role in purchasing decisions than do statements in sales materials. This conclusion, in turn, would tend to show that class members did not rely on the alleged misstatements in Allianz sales materials when they decided to purchase Allianz annuities. See, e.g., Opp. Dkt. 1061 at 5.

The Court finds this argument unpersuasive. As the Court explained in its original order certifying the class:

> Plaintiffs additionally allege that Allianz agents are required to
> use a single, uniform SOU for each type of deferred annuity sold,

---

[5] Allianz argues, in the alternative, that the 2006 LIMRA CAP survey tends to show that class members understand the operation of their annuities, and thus were not misled by Allianz. However, it does not appear that the CAP questionnaire inquired about the specific annuity features that Allianz allegedly misrepresented. See Wilkie Report at 26-27. Accordingly, the Court concludes that this survey evidence is irrelevant. Moreover, even if the evidence had some modest tendency to show that class members generally understood the operation of their annuities, and thus were unlikely to be misled, this slight probative value is substantially outweighed by the risk of confusing the trier of fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

and to sign the following attestation: "I have not made statements that differ from the disclosure form, and no promises or assurances have been made about the future values of the policy."

Dkt. 134 at 5-6. In light of this attestation, it makes no difference whether purchasers of annuities generally rely on the statements of agents in making their purchases. Accordingly, survey evidence showing that consumers depend more on salespeople than on written sales material does not have "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, the Court concludes that Dr. Wilkie's survey evidence is irrelevant, and therefore grants plaintiffs' motion.[6]

---

[6] An additional reason for excluding the 2006 LIMRA CAP survey is that Allianz "fail[s] to 'show that the survey was conducted in accordance with generally accepted survey principles and that the results were used in a statistically correct manner.'" M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1087 (9th Cir. 2005) (quoting Keith v. Volpe, 858 F.2d 467, 480 (9th Cir.1988)). In particular, Allianz previously sought to introduce the 2006 LIMRA CAP study in Iorio v. Allianz Life Ins. Co. of N. Am., 05-CV-633-JLS-(CABx) (S.D. Cal.). In Iorio, the court found that:

> The LIMRA survey does not satisfy the Ninth Circuit standard. Some of the more flagrant problems with the survey include the opportunity for respondents to contact Allianz's selling agents and customer service personnel with help in answering the questions, the inclusion of Allianz's name and logo, and the opportunity for respondents to qualify for a $5,000 drawing for completing the questionnaire.

Iorio v. Allianz Life Ins. Co. of N. Am., 2008 WL 8929013 (S.D. Cal. July 8, 2008). The Court agrees with this reasoning. Allianz attempts to minimize the Iorio court's finding by arguing that "[t]he Iorio plaintiffs convinced the court, incorrectly, that the LIMRA responses were relied upon by Dr. Wilkie to conclude, and would be offered as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                           O

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

## IV. ALLIANZ'S MOTIONS

### A. Motion To Exclude or Limit Evidence Relating to "Excessive" Sales Commissions

Allianz moves to exclude all reference to sales agents receiving "excessive commissions," on the grounds that the size of commissions is irrelevant to whether "no sales charge" was a misrepresentation. Dkt. 972. Allianz argues that the alleged misrepresentation concerned whether the products included a sales charge, not the amount of commissions paid to sales agents. Accordingly, Allianz reasons, any argument that its sales commissions were "excessive" is (1) irrelevant and (2) prejudicial.

Plaintiffs respond by identifying three reasons why the alleged excessiveness of Allianz's commissions is relevant to their claim that "no sales charge" was a misrepresentation. First, plaintiffs argue that the excessiveness of the commissions—and thus the size of the alleged excess sales charge—is relevant to proving that "no sales charge" was a material misrepresentation that would have affected class members' decision to buy Allianz annuities. See Neder v. United States, 527 U.S. 1, 25 (1999) ("Materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes."); McCann Report ¶ 30 (opining that "omitted commission information would be critically important for any potential investor to make an informed decision whether to purchase an Allianz equity-indexed annuity"). Second, plaintiffs contend that the excessiveness of commissions is relevant to causation because, in their view, Allianz's need to recoup the unusually high commissions caused Allianz annuities to underperform comparable financial products. Third, plaintiffs argue that the

---

affirmative proof, that class members in fact understood their annuities and in fact were not misled by sales materials." Opp. Dkt. 1061 at 7 n.7. This purported explanation, however, does not address any of the methodological deficiencies identified in Iorio. Accordingly, the Court also finds that the 2006 LIMRA CAP survey is inadmissibly unreliable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

excessiveness of commissions may be relevant to damages.  Although plaintiffs contend that they should recover the entirety of the commissions because Allianz represented that there was "no sales charge," Allianz has previously argued that plaintiffs should only be able to recover to the extent that Allianz commissions exceeded the commission of comparable financial products.  If plaintiffs are limited to recovering excessive commissions, plaintiffs argue that the amount of that excessiveness is relevant to damages.

The Court concludes that the alleged excessiveness of Allianz's commissions is relevant to materiality.  "In general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'"  Neder, 527 U.S. at 16 (1999) (quoting United States v. Gaudin, 515 U.S. 506,  509 (1995)).  Here, the "no sales charge" representation was addressed to potential purchasers of Allianz annuities.  The degree to which this representation was "capable of influencing" the decision to purchase Allianz annuities turns, in part, on the size of the sales charge that the potential purchasers were led to believe they would avoid paying.  Accordingly, a reasonable jury could rely on the alleged excessiveness of the commissions in determining the materiality of Allianz's alleged misrepresentations.  Because the Court concludes that the excessiveness of commissions is relvent to materiality, the Court does not reach plaintiffs' other arguments for relevance.

In the alternative, Allianz also moves to limit plaintiffs to one expert calculation of the excessiveness of commissions.  Allianz contends that plaintiffs intend to offer three separate calculations for excessiveness—one comparing Allianz's actual commissions to a benchmark commission 3% lower, the other two comparing Allianz's commissions to the average commissions paid out by sellers of variable annuities and mutual funds, respectively.  See McCann Report ¶ 66 ("For purposes of my damages study, I assume that the reasonable competitive alternative commission level is 3% lower than the commissions actually paid by Allianz, subject to a commission floor of 5%"); Rausser Report at 42 tbl.8 (comparison to variable annuity commissions); id. at 47 tbl. 10 (comparison to mutual fund commissions).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

In Allianz's view, offering three different calculations of excessiveness risks misleading the jury into believing that they have to pick one of plaintiffs' alternatives, rather than rejecting plaintiffs' calculation outright. Allianz cites Voilas v. Gen. Motors Corp., 73 F. Supp. 2d 452 (D.N.J. 1999), in which the court explained why expert testimony offering three different calculations of punitive damages should be excluded under Rule 403:

> Certainly, such testimony carries the risk of swaying and misleading the jury into the erroneous belief that it is limited to one of the three methods and ranges of damages . . . . A juror might feel psychologically compelled to reconsider his/her intuitive reaction to a case and instead defer to the methods and calculations set forth by the expert with purportedly superior knowledge, finding him/herself torn and confused as to the correct method to apply and the amount of damages to award.

73 F. Supp. 2d at 465.[7]  Similarly, Allianz reasons, the jury here may feel limited to one of the three options presented by plaintiffs' experts.

The Court finds this argument unpersuasive.  In Voilas, the putative expert on punitive damages offered three completely different models of punitive damages.  See Voilas, 73 F. Supp. 2d at 463 ("The first approach 'is based on the estimated savings to the corporation of the action taken; the second is based on a percentage of the income before taxes; and the third is based on a concept related to days of pay . . . .'").  Here, by contrast, all three of plaintiffs' calculations of excessiveness rely on the same basic methodology of comparing Allianz's commissions to a benchmark commission; they differ only insofar as much as they use different benchmarks.  Because all three calculations rely on the same methodology, Allianz may attack that methodology through "cross examination [and] contrary evidence," Primiano, 598 F.3d. at 564, without simply

---

[7] The Court notes that the portion of Voilas cited by Allianz is dicta; the Voilas court had already concluded that the testimony was inadmissible under Fed. R. Evid. 702.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

inducing the jury to vacillate between plaintiffs' various proposals.  The Court declines to exclude plaintiffs' evidence relating to excessive commissions, and Allianz's motion is therefore denied.

### B. Motion to Exclude Dateline NBC Video

Allianz moves to preclude plaintiffs from showing the jury a video of a Dateline NBC program entitled "Tricks of the Trade."  Dkt. 976.  In this video, Dateline NBC conducts a highly critical investigation into the sales practices of the annuities industry. Among other things, the video includes hidden camera footage of "Annuity University," an annuity-sales seminar run by FMO Brokers' Choice.  The program also portrays an annuity sales agent named Bill Denny attempting to sell an annuity to a confederate of Dateline NBC.  These video clips are narrated with Dateline NBC voiceovers critical of Mr. Denny, Brokers' Choice, and the annuities industry.  Allianz objects to the use of this video on numerous grounds.  Most importantly, Allianz argues that the video is irrelevant because this case does not turn on representations made to individual class members. Allianz also contends that the video is highly prejudicial because it is (1) interlaced with Dateline NBC editorializing and (2) shows annuities sale practices unrelated to Allianz.

In response, plaintiffs represent that they only intend to introduce specific segments of the video.  In particular, the plaintiffs identify several specific segments, demarcated by timestamps identifying portions of the video on a DVD lodged with the Court.[8]  Plaintiffs further represent that these clips could be edited to redact any potentially prejudicial narration.  Plaintiffs contend that these redacted clips would be relevant to show the existence of a RICO enterprise between Allianz and its FMOs.

_____

[8] See Dkt. 1076 (notice of lodging).  The four segments identified by plaintiffs are found at timestamps 5:00-5:04, 29:10-34:39, 38:00-46:29, and 57:19-58:17 on the submitted DVD video.  See Supp. Memorandum Dkt. 1113 at 1. At the hearing on December 9, 2013, plaintiffs represented that they were no longer seeking to introduce the 57:19-58:17 clip, which depicted Allianz CEO testifying before Congress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

After reviewing the selected portions of the Dateline NBC video, the Court finds that the video should be excluded, for two reasons. First, because the inadmissible editorializing is tightly intertwined with the hidden-camera footage, the Court is skeptical of plaintiffs' contention that the video could be intelligibly redacted to eliminate the prejudicial portions. Cf. Whitaker v. Springettsbury Twp., 2008 WL 4922473 (M.D. Pa. Nov. 14, 2008) ("The remainder presents a mixture of evaluation and fact, precluding the production of an intelligible, redacted version.").

Second, and more importantly, the Court finds that the probative value of these clips is substantially outweighed by the danger of confusing the jury. See Fed. R. Evid. 403. Although plaintiffs are correct that they need to prove the existence of an enterprise as a necessary element of their case under RICO, the selected footage is at best marginally relevant to the issue of the existence of an enterprise, or Allianz's participation in that enterprise. In particular, Allianz has proffered deposition testimony indicating that the hidden-camera footage of Mr. Denny depicts his attempts to sell an annuity marketed by one of Allianz's competitors. Ex. 80 (Denny Dep.) at 197:15-198:17. Similarly, nothing in the segment depicting the Brokers' Choice seminar specifically links that seminar to Allianz. Accordingly, the Court concludes that the video would be of limited—and perhaps no—probative value with respect to showing Allianz's involvement in an enterprise

Weighed against this limited probative value is a substantial danger of confusion of the issues. First, showing the video segments risks introducing confusion between uniform representations made by Allianz sales materials and specific misrepresentations made by individual sales agents. Second, showing the video segments would require substantial introductory explanation to contextualize the hidden camera footage, especially to clarify that the depicted sales pitches and seminars did not specifically involve Allianz products. Lastly, introducing the video would risk diverting the trial into a side dispute over what was or was not included in the heavily-edited hidden-camera footage. See, e.g., Ex. 80 (Denny Dep.) 196:10-14 ("Well, I believe I had five or eight minutes of air time out of an hour's worth of conversation. So as you well can imagine, a great deal was excluded, but I know that I made fair presentations to her in the entire time I spoke with her.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

For all these reasons, the Court concludes that the risk of confusing the issues substantially outweighs the probative value of the Dateline NBC video. Accordingly, the Court grants Allianz's motion to exclude the video.

### C. Motion to Exclude Testimony of Dr. Vida Negrete

Allianz moves to exclude testimony by Dr. Vida Negrete, the conservator of the now-deceased name plaintiff Everett Ow. Dkt. 978. First, Allianz contends that Dr. Negrete lacks personal knowledge concerning Mr. Ow's annuity purchase. While Mr. Ow purchased his annuities in 2002, Dr. Negrete was not appointed to be Mr. Ow's conservator until August 2005. Accordingly, Allianz reasons, Dr. Negrete does not have direct personal knowledge of the circumstances surrounding Mr. Ow's annuity purchases. Plaintiffs respond that they do not intend to offer any testimony from Dr. Negrete about Mr. Ow's annuity purchases.

Second, Allianz argues that any testimony from Dr. Negrete about Mr. Ow's post-purchase finances and health would be irrelevant. Because plaintiffs' theory of the case turns on the purchase-date value of the annuities, Allianz reasons that events subsequent to Mr. Ow's annuity purchase cannot be relevant. Plaintiffs argue in response that Dr. Negrete's post-purchase testimony about Mr. Ow is relevant because it rebuts testimony from Allianz experts that (1) seniors are not a vulnerable population and (2) Allianz annuities meet the financial needs of seniors. Plaintiffs further represent that Dr. Negrete will testify that Mr. Ow's annuities were insufficient to pay his increasing medical expenses.

The Court finds plaintiffs' argument unpersuasive for two reasons. First, Dr. Negrete's proposed testimony in rebuttal to Allianz's experts is itself expert testimony about the characteristics of seniors generally. Dr. Negrete, however, is offered only as a lay witness of Mr. Ow's post-purchase condition. Mr. Ow's post-purchase medical condition does not supply grounds for opining on the characteristics of seniors as a group. See United States v. Freeman, 498 F.3d 893, 902 (9th Cir. 2007) ("[U]nlike expert testimony, lay opinion must be 'rationally based on the perception of the witness.'" (quoting Fed. R. Evid. 701)). Second, the Court agrees with Allianz that this case turns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

on pre-purchase representations and purchase-date values.  Plaintiffs have specifically disavowed claims based on the post-purchase circumstances of individual class members.  See Dkt. 134 at 18 (Certification Order).  Dr. Negrete's testimony about Mr. Ow's post-purchase condition is thus irrelevant to plaintiffs' case.[9]  As such, the Court grants Allianz's motion.

### D.  Allianz's Motion to Limit Evidence and Testimony Relating to Non-Class Policies and Revisions to Consumer Brochures and SOUs

Allianz moves to preclude plaintiffs from using (1) evidence relating to "Cash Bonus" annuity products, (2) evidence relating to market materials or annuity products outside the Class Period, and (3) evidence of revisions to Allianz brochures and

---

[9] In the alternative, plaintiffs argue that Allianz has waived this objection by citing facts about Mr. Ow's post-purchase financial condition in its motion for summary judgment.  See Dkt. 695 (statement of uncontroverted facts, ¶¶ 12-13, 49-59, 54-56, and 60).  These facts concern the post-purchase performance of Mr. Ow's annuity.  Plaintiffs cite JIPC Mgmt., Inc. v. Incredible Pizza Co., Inc., 2009 WL 8591607 at *27 (C.D. Cal. July 14, 2009), which held that because the defendants cited portions of a conversation in their statement of undisputed facts, they waived any subsequent evidentiary objection to the admission of that conversation.

The Court finds this contention unpersuasive.  JIPC involved the introduction of the precise testimony that the defendants had previously cited in their motion for summary judgment.  Here, by contrast, Dr. Negrete's testimony about Mr. Ow's post-purchase condition would sweep far beyond the limited facts cited by Allianz in their motion for summary judgment.  The Court thus finds JIPC distinguishable, and therefore concludes that Allianz did not waive their objection to Dr. Negrete's testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Statements of Understanding ("SOUs").[10]  Dkt. 980.  The Court considers each of these issues in turn.

First, Allianz seeks to exclude any evidence about "Cash Bonus" annuity products because those products are expressly excluded from the class definition and are therefore, Allianz argues, irrelevant.[11]  In response, plaintiffs represent that they will not introduce evidence pertaining only to Cash Bonus products.  However, plaintiffs argue that they should be permitted to introduce Allianz marketing materials which mention both Cash Bonus products and Class Products.  The Court finds this contention persuasive.  "There is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible."  United States v. Abel, 469 U.S. 45, 56 (1984).  To the extent that Allianz still objects to specific documents referencing both Class products and Cash Bonus products, it may renew those objections or request a limiting instruction at trial.

Second, Allianz seeks to exclude any evidence relating to marketing materials or annuity products from outside the Class period, which began on September 19, 2001 and ended on November 21, 2006.  Again, Allianz argues that evidence relating to products outside the class definition is irrelevant.  Plaintiffs respond that pre-Class information is relevant to (1) provide necessary background for plaintiffs' claims, (2) show that Allianz formed a RICO enterprise with its field marketing organizations, and (3) show Allianz's intent by filling in the evolution Allianz annuities.  Similarly, plaintiffs argue that post-

---

[10] Although Allianz seeks to preclude plaintiffs from introducing non-Class evidence to prove liability, it represents that it may introduce this evidence for other purposes, such as showing that the named plaintiffs received certain disclosures when they purchased non-Class annuities.  Plaintiffs object, arguing that any exclusion should be symmetrical and bar both parties from introducing this evidence.  Because it is not yet clear how this issue will arise in the context of the trial, the Court declines to address this issue at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Class information is relevant to show that Allianz knew or should have known that its class period representations were false.

Plaintiffs appear to overstate the scope of Allianz's motion.  Although pre-Class and post-Class information may be relevant for the reasons plaintiffs advance, Allianz does not seek to exclude all such information.  In particular, Allianz does not move for the exclusion of all evidence relating to the pre-Class development of Allianz's marketing organization.  Instead, Allianz's motion is limited to the exclusion of evidence of "contracts, sales materials, and pricing . . . relating to sales transactions outside the [C]lass [P]eriod."  Mot. Dkt. 980 at 3.  And while "contracts, sales materials, and pricing" outside the Class Period may be minimally relevant for the reasons enumerated by plaintiffs, the Court finds that minimal relevance to be substantially outweighed by the danger of prejudice and confusion of the issues.  See Fed. R. Evid. 403.  Accordingly, the Court concludes that evidence of "contracts, sales materials, and pricing . . . relating to sales transactions outside the [C]lass [P]eriod" should be excluded.

Finally, Allianz seeks to exclude any evidence of revisions to its marketing brochures because such evidence would be inadmissible as evidence of subsequent remedial measures under Fed. R. Evid. 407.  Allianz contends that plaintiffs will attempt to use the revisions to show that the earlier, pre-revision brochures in fact misrepresented the terms of Allianz annuities.

Plaintiffs respond, first, that the rule barring evidence of subsequent remedial measures does not apply because Allianz's revisions to its brochures were not voluntary.  See Raymond v. Raymond Corp., 938 F.2d 1518, 1524 (1st Cir. 1991) ("Rule 407 applies only to subsequent remedial measures taken voluntarily . . . .").  Plaintiffs contend that Allianz revised its brochures at the behest of the National Association of Securities Dealers ("NASD"), which in 2005 issued a notice recommending revisions to marketing materials for equity indexed annuities.  Pintar Decl., Ex. 24.  Plaintiffs argue that, because Allianz revised its brochures at the direction of the NASD, rather than as a voluntary remedial measure, it is not entitled to the policy-based evidentiary exclusion offered by Rule 407.  See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 888 (9th Cir. 1991) ("Rule 407 is based on the policy of encouraging potential defendants to remedy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

hazardous conditions without fear that their actions will be used as evidence against them.").

Plaintiffs, however, have supplied no evidence that the NASD notice required compliance, and thus made Allianz's revisions involuntary. Instead, plaintiffs suggest that Allianz had to make to the revisions to "avoid the <u>risk</u> of incurring a fine or other sanctions." Opp. Dkt. 1068 at 8 (emphasis added). Furthermore, the cases cited by plaintiffs all involve mandatory revisions at the direction of governmental agencies. <u>See, e.g.</u>, <u>Sabel v. Mead Johnson & Co.</u>, 737 F. Supp. 135, 141 (D. Mass. 1990) (FDA); <u>S.E.C. v. Uzzi</u>, 2003 WL 1342962 (S.D. Fla. Jan. 21, 2003) (SEC). Here, by contrast, the NASD is a private association. Accordingly, the Court concludes that the brochure revisions do not fall within the involuntariness exception to Rule 407.

Plaintiffs also contend that Allianz's revisions are relevant for reasons other than showing Allianz's culpability. For example, plaintiffs suggest that the revisions may be relevant for impeachment should Allianz attempt to argue that it always fully disclosed the terms of its annuities. Although the Court agrees that the revisions may be relevant for impeachment in certain eventualities, <u>see Gauthier v. AMF, Inc.</u>, 788 F.2d 634, 637(9th Cir. 1986), the Court declines to reach plaintiffs' argument at this stage. Should plaintiffs wish to introduce evidence of brochure revisions for impeachment purposes, they may seek permission to do so at trial.

In accordance with the foregoing, Allianz's motion is granted in part and denied in part. In summary, plaintiffs shall not offer:

- evidence of Cash Bonus products except insofar as the evidence also pertains to Class products;

- evidence of "contracts, sales materials, and pricing . . . relating to sales transactions outside the [C]lass [P]eriod"; or

- evidence of revisions to Allianz brochures.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

**E. Allianz's Motion to Exclude Testimony of Everett Ow**

Allianz moves to exclude Everett Ow's June 2006 deposition testimony.  Mr. Ow, the name plaintiff in this case, died in 2012, and plaintiffs seek to introduce his written and video deposition testimony under Fed. R. Civ. P. 32(a)(4).  Dkt. 981.  Allianz objects to this testimony on the grounds that Mr. Ow was incompetent at the time of the deposition.  In particular, Allianz relies on multiple statements from Mr. Ow, Dr. Negrete, and Mr. Ow's relatives about Mr. Ow's diminished mental capacity.  Similarly, Allianz also argues that, even if Mr. Ow was not incompetent, Mr. Ow repeatedly stated in his deposition that he could not remember details of his annuity purchase.  Accordingly, Allianz reasons, he (1) lacks personal knowledge of the annuity transaction, and (2) cannot testify about post-purchase events because such testimony would be irrelevant.

The Court finds these arguments unpersuasive.  First, Allianz has waited over seven years to object to Mr. Ow's alleged incompetence.  In that, time Allianz has relied on Mr. Ow's deposition testimony in support of multiple motions.  See, e.g., Dkt. 282 (statement of uncontroverted facts, facts 1-23); Dkt. 695 (statement of uncontroverted facts, facts 1-23); Dkt. 830 (motion to decertify) at 9–10, 24.  Although the Court declines to reach the question of whether Allianz formally waived its objection to Mr. Ow's competence, the tardiness of Allianz's objection weighs in the Court's analysis.

Second, and more importantly, Mr. Ow's alleged mental incompetence does not preclude the admission of his deposition.  "The first sentence of Rule 601 abolishes all competency requirements and grounds for witness disqualification except as provided in the other provisions of [the Federal Rules of Evidence."  Wright & Miller, 27 Fed. Prac. & Proc. Evid. § 6005 (2d ed.) ("Wright & Miller").  "So long as the content of testimony has some logical connection to the case, that testimony remains relevant no matter how microscopically low the witness' mental or moral capacity."  Id.; accord Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evid. § 601.04[1] (3d ed. 2009) ("Rule 601 contains no provision requiring any measure of mental capacity as a condition precedent to the giving of testimony.").  Accordingly, even if the Court were to find that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Mr. Ow suffered from diminished mental capacity at the time of his deposition, that diminished mental capacity would not mandate exclusion.

Allianz's objections to Mr. Ow's personal knowledge are similarly misplaced. Mr. Ow participated in his own purchase of the Allianz annuities, and thus is capable of having direct personal knowledge of those purchases. The reliability of Mr. Ow's memory of his annuity purchase is a question of fact, to be decided by the jury. See Wright & Miller § 6027. Allianz's contention that Mr. Ow's recollection was unreliable is therefore best addressed through argument at trial, rather than through exclusion.

Allianz also moves to exclude Mr. Ow's deposition as unfairly prejudicial. Allianz argues that Mr. Ow's age and medical condition will inflame the jury against Allianz. Specifically, Allianz contends that the jury will be misled to believe that Mr. Ow's mental and physical status at the time of his deposition represents his mental status four years earlier when he purchased his Allianz annuities. Allianz also vigorously objects to showing the video of Mr. Ow's deposition to the jury, on the grounds that the video, which vividly demonstrates Mr. Ow's mental and physical condition, is even more likely to prejudice the jury against Allianz.

The Court declines to exclude Mr. Ow's testimony at this time. Mr. Ow's testimony as name plaintiff in this litigation is of significant probative value, and Allianz has not shown that the danger of unfair prejudice substantially outweighs that probative value. See Fed. R. Evid. 403. Again, Allianz's objections are best addressed through argument at trial, rather than through exclusion. Accordingly, the Court denies Allianz's motion.

**F. Motion to Exclude Evidence and Argument Regarding Surrender Charges**

Allianz moves to exclude as irrelevant any evidence relating to annuity surrender charges. Dkt. 983. Allianz contends that plaintiffs have expressly limited their case to three specific misrepresentations, none of which pertain to surrender charges. In particular, Allianz emphasizes that plaintiffs have disavowed any theory associated with losses due to surrender, opting instead for a theory based on purchase-day value. See,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

e.g., Dkt. 636 at 22-23 (plaintiffs' opposition to Allianz's motion to strike declaration of Dr. Craig McCann) ("[P]laintiffs and all other class members sustained concrete, measurable damages the day they purchased the Allianz annuities . . . ."). Accordingly, Allianz reasons, any evidence pertaining to surrender charges is irrelevant, and thus inadmissible.

The Court finds this argument unpersuasive. Although plaintiffs do not allege that Allianz misrepresented the surrender charges, plaintiffs do contend that Allianz used those charges to recoup the (allegedly misrepresented) sales charges and premium bonuses. See, e.g., Dkt. 933 at 4–5 (order on Allianz's motion for judgment on the pleadings) ("Plaintiffs maintain that their annuities had measurably lower yields, higher surrender charges, lost principal, and premium overcharges as a result of these three representations, causing them financial harm."). Furthermore, plaintiffs argue that higher surrender charges acted as a deterrent to surrender, which in turn gave Allianz more time to recoup the bonuses and commissions through the annuities' lower interest rates. Accordingly, the Court concludes that evidence pertaining to surrender charges is relevant to, among other things, causation, and therefore denies Allianz's motion.

**G. Motion to Exclude Evidence Relating to Brokers' Choice**

Allianz moves to exclude evidence relating to documents describing the marketing and sales techniques of Brokers' Choice of America. Dkt. 986. Brokers' Choice is one of the FMOs that Allianz relied upon to actually sell annuities. The documents Allianz seeks to exclude comprise both instructional materials that Brokers' Choice used to teach annuity salespeople, and sales materials allegedly provided directly to class members. Among other arguments, Allianz asserts that these documents are irrelevant to this case, which is predicated on alleged uniform misrepresentations made by Allianz sales materials.

Plaintiffs assert that this material is relevant for two reasons. First, plaintiffs contend that the sales and instructional materials are relevant to the existence of an enterprise under RICO. However, although Brokers' Choice produced these materials, and plaintiffs assert that Brokers' Choice is a member of the enterprise, plaintiffs have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

not explained how these materials tend to show the existence of that enterprise. In particular, these materials make no mention of Allianz. As such, it does not appear the Brokers' Choice documents are "evidence of an ongoing organization, formal or informal, [or] evidence that the various associates function as a continuing unit." Boyle v. United States, 556 U.S. 938, 945 (2009). Furthermore, even if the existence of these sales and instructional materials could tend to show the existence of an enterprise, plaintiffs still have not explained how the contents of the materials would be relevant to the existence of an enterprise.

Second, plaintiffs argue that the sales and instructional materials are relevant to prove the "illicit activities" of the alleged enterprise. The Court finds this contention unpersuasive—"illicit activity" is not an element of plaintiffs' claims. Moreover, as Allianz repeatedly points out, this case is based on alleged uniform misrepresentations made in Allianz sales materials. See Dkt. 134 at 17 (certification order) ("Plaintiffs have offered evidence that Allianz prepared standardized consumer brochures and SOUs for each annuity product."). Here, the Brokers' Choice instructional materials bear only on representations that sales agents may have made within the context of specific sales transactions. Similarly, alleged misrepresentations in Brokers' Choice sales materials do not tend to show that Allianz sales materials also contained misrepresentations. Accordingly, the Court finds this evidence irrelevant to the issue of whether Allianz made "uniform misrepresentations" to annuity purchasers.

In accordance with the foregoing, the Court concludes that the Brokers' Choice evidence is irrelevant, and therefore grants Allianz's motion.

**H. Motion to Preclude Testimony of Absent Class Members**

Allianz moves to bar plaintiffs from introducing testimony by absent class members on the grounds that such evidence would be irrelevant to proving classwide reliance and causation. Dkt. 987. In particular, Allianz contends that plaintiffs may not mix and match absent class members to show reliance and causation; these elements must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

be proved on a classwide basis, or not at all.  Accordingly, Allianz argues that plaintiffs should be limited to the testimony of the named plaintiff, Everett Ow.[12]

In response, plaintiffs represent that they do not intend to introduce testimony from individual class members to show reliance and causation.  They contend that reliance and causation will be adequately established by a combination of Mr. Ow's deposition testimony and plaintiffs' financial modeling.  Instead, plaintiffs assert that testimony from absent class members will be relevant to show, among other things, that the alleged misrepresentations were in fact uniform, that Allianz engaged in two or more predicate acts under RICO, and that the asserted enterprise was ongoing.[13]

In light of plaintiffs' representations, the Court tentatively concludes that this testimony may be relevant for reasons other than reliance or causation, and therefore declines to make a blanket ruling on the admissibility of this testimony at this stage.  See Hawthorne Partners v. AT & T Techs., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("This court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.").  Accordingly, the Court denies Allianz's motion without prejudice.  Allianz may renew its objection to specific testimony at trial.

---

[12] Allianz also argues that, although plaintiffs should be precluded from introducing the testimony of absent class members, Allianz has a due process right to refute causation and reliance through the introduction of individualized testimony.  Because Allianz's motion seeks only to bar plaintiffs from introducing individualized testimony, it is unclear what the relevance of this argument is to Allianz's motion in limine.  If Allianz wishes to introduce testimony from absent class members—and if plaintiffs wish to object to such testimony—they may both do so at trial.

[13] Plaintiffs also argue that absent class member testimony is also probative of whether a "vulnerable" senior would likely have been deceived by Allianz's misrepresentations.  See Opp. Dkt. 1084 at 3.  The Court notes that this asserted purpose appears be irrelevant, for the reasons discussed above in section III.H.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|--------------------------------------------------|------|------------------|
| Title    | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

### I. Motion to Exclude Testimony of Natalie Denburg

Allianz moves to exclude the testimony of plaintiffs' expert Dr. Natalie Denburg, a neurologist who specializes in cognitive decline in the elderly. Dkt. 990. Plaintiffs offer Dr. Denburg's testimony in rebuttal to the testimony of Allianz expert Dr. Janice Wassel. Because the Court excludes the testimony of Dr. Wassel, Allianz's motion to exclude the testimony of Dr. Denburg is denied as moot.

### J. Motion to Exclude Testimony of Neil Granger

Allianz moves to exclude the testimony of plaintiffs' expert Neil Granger, a former annuity salesman turned annuities consultant. Mr. Granger expresses the following three opinions about the sales tactics employed by Allianz and its agents:

(a) Allianz and their Field Marketing Organizations ("FMOs") (many of which were owned by Allianz) target and exploit the senior market in the sale of Allianz annuities.

(b) Allianz and its FMOs have engaged in the marketing and sale of annuities, including through its seminar selling system, consistent with the form of elder financial abuse I speak about with the groups identified in Exhibit 1.

(c) Allianz's deceptive marketing and sale of annuities falls well below and is contrary to the heightened standard of care imposed on insurance companies.

Fee Decl. Ex 27 (Granger Report) ¶ 1.

Allianz argues that these opinions are not relevant to plaintiffs' classwide claims. In particular, Mr. Granger cabins his testimony to the sales tactics employed by Allianz

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and<br>CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|------------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N.<br>AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL.<br>v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

and the FMOs, and specifically disclaims any opinion based on the actual features of
Allianz annuities. <u>See, e.g.</u>, Fee Decl. Ex 8 (Granger Deposition) at 165:22-25 ("I have
not studied all the annuities. I don't know what they have and have not disclosed about
them. I don't know them well enough."); <u>id.</u> at 227:15-228:10. Allianz argues, however,
that these sale tactics are irrelevant to the case at hand—they pertain only to individual
sales transactions, and not to classwide misrepresentations in Allianz sales materials.
Allianz particularly objects to Granger's opinions about the alleged deceptiveness of the
seminars that Brokers' Choice and other FMOs used to sell annuities. Allianz contends
that not all class members attended these seminars, and thus any misconduct at the
seminars cannot serve as a basis for classwide proof of plaintiffs' claims.

        In response, plaintiffs argue that Mr. Granger's testimony is relevant to show the
existence of a RICO enterprise between Allianz and the FMOs. "At trial, plaintiffs'[sic]
will prove that to achieve the purpose of the Senior Annuity Enterprise—targeting the
senior market for the sale of deferred annuities—Allianz armed its FMOs and agents with
an abuse marketing tool designed to target the senior market—the client seminar." Opp.
Dkt. 1091 at 8-9. Plaintiffs contend that Mr. Granger's testimony will help the jury to
understand the breadth of the enterprise, and how Allianz's sales efforts tied the
enterprise together.

        The Court finds plaintiffs' contention unpersuasive. This case is about alleged
uniform misrepresentations in Allianz sales materials. As the Court previously explained,
"[i]f plaintiffs had sought to prove their case by showing . . . what was said to them orally
or by their advisors, class certification would not be appropriate." Dkt 134. at 18.
Accordingly, Mr. Granger's testimony about the allegedly abusive sales practices of
Allianz sales agents is irrelevant to plaintiffs' classwide claims: even if Allianz sales
tactics were abusive, plaintiffs neednot show on a classwide basis that all members of the
class were subjected to those sales tactics. Moreover, the Court also finds that, even if
this testimony had some slight probative value in explaining the structure of the alleged
"Senior Annuity Enterprise," this probative value is substantially outweighed by the risk
of jury confusion. <u>See</u> Fed. R. Evid. 403. Accordingly, the Court grants Allianz's
motion to exclude the testimony of Mr. Granger.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

**K. Allianz's Motion to Exclude Testimony of Laura Tarbox**

Allianz moves to exclude the testimony of plaintiffs' rebuttal expert Laura Tarbox. Plaintiffs offer Ms. Tarbox in rebuttal to Allianz experts Amy Lynch and William Wilkie. Because the Court excludes the testimony of Ms. Lynch, see section III.I, supra, and much of the testimony of Dr. Wilkie, see section III.J, supra, the majority of Allianz's motion is moot.

Ms. Tarbox's rebuttal report, however, does offer one opinion in rebuttal of potentially admissible testimony from Dr. Wilkie.  Ms. Tarbox opines that "Dr. Wilkie's discussion of consumer behavior does not seem to answer the question of whether or not consumers were subjected to false statements in the annuity sales materials in this case." Fee Decl. Ex 32 ("Tarbox Rebuttal Report"), at 7.  However, Ms. Tarbox's report does not explain the basis of this opinion, justifying it only "for the same reasons detailed" above in her report.  Id.  Because the previous portions of Ms. Tarbox's report deal with her objections to Ms. Lynch's expert testimony, rather than Dr. Wilkie's expert testimony, the Court finds that this cursory explanation does not give a "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(I); cf. Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc., 2007 WL 2375056 (D. Nev. Aug. 15, 2007) ("Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions . . . [because] . . . an expert who supplies only an ultimate conclusion with no analysis supplies nothing of value to the judicial process." (quoting Finwall v. City of Chicago, 239 F.R.D. 494, 501 (N.D. Ill. 2006))).  Accordingly, the Court grants Allianz's motion to exclude the testimony of Ms. Tarbox.

**L. Allianz's Motion to Exclude Testimony of Jeffrey Dellinger**

Allianz moves to exclude the testimony of plaintiffs' expert Jeffrey Dellinger on multiple grounds.  Dkt. 993.  The Court considers each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

    1. Testimony about Misrepresentation and Intent

    Allianz first moves to bar Mr. Dellinger from testifying (1) that Allianz misrepresented its annuity policies or (2) that Allianz intended to defraud class members. In Allianz's view, Mr. Dellinger invades the province of the jury under Rule 702 by opining about whether statements in Allianz sales materials misrepresented Allianz annuities. Allianz cites, among other cases, S.E.C. v. Leslie, 2010 WL 2991038 (N.D. Cal. July 29, 2010), which excluded an expert's opinion that certain statements were misleading because "it is for the jury to determine whether Defendants' statements in fact were misleading." Id. at *9. Similarly, Allianz contends that the question of Allianz's "intent" is an issue for the jury. See, e.g., Dellinger Report ¶ 53 ("Allianz designed its annuity products to give the apepearance of preservation of wealth."); cf. In re Diet Drugs Products Liab. Litig., 2000 WL 876900 (E.D. Pa. June 20, 2000) ("The question of intent is a classic jury question and not one for experts.").

    Plaintiffs respond that Mr. Dellinger's testimony will assist the jury in determining whether Allianz's marketing materials were in fact false. Given the complexity of Allianz's annuities, plaintiffs contend that the jury will require the aid of expert testimony to evaluate whether or not the annuities in fact had a sales charge, or gave an "upfront bonus." Likewise, plaintiffs represent that Mr. Dellinger will not comment on Allianz's alleged intent to deceive, but instead on whether the annuity products themselves were designed deceptively.

    As an initial matter, plaintiffs are correct that Mr. Dellinger's testimony about the structure of Allianz annuities is appropriate expert testimony. As plaintiffs argue, Allianz annuities are complex, and expert testimony about whether the annuities in fact had a sales charge, an upfront bonus, or full value will assist the jury in determining whether Allianz fully disclosed the operation of its annuity policies. Allianz's motion, however, does not seek the exclusion of testimony on the structure of Allianz annuities, but rather,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

the exclusion of testimony that Allianz's marketing materials"misrepresented" its annuities, or that Allianz intended to deceive consumers.[14]

The Court finds Allianz's argument persuasive. Although Mr. Dellinger's expertise as an actuary will assist the jury in understanding the structure of Allianz annuities, that expertise does not extend to evaluating the truth or falsehood of marketing statements. Even if Mr. Dellinger were somehow qualified to evaluate whether marketing statements are misleading in an actuarial sense, that expertise would not assist the jury in determining whether Allianz's marketing materials were misleading under the pertinent legal standards. The Advisory Committee Note to Federal Rule of Evidence 704 illustrates this distinction quite clearly:

> [Rule 701 and 702] also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

Applying this distinction here, the Court concludes Mr. Dellinger's testimony that Allianz marketing materials misrepresented the functioning annuities should be excluded.

---

[14] The Court notes that, at certain points, Allianz's motion appears to seek exclusion of any testimony by Mr. Dellinger that the representations in Allianz marketing materials was "false." See, e.g., Mot. Dkt. 993 at 2. The Court construes Allianz's motion to seek exclusion of testimony about the representations as they appeared in Allianz marketing materials. If Allianz's motion does seek exclusion of testimony about the actual functioning of Allianz annuities (i.e., that Allianz annuities did not in fact provide an "upfront bonus"), Allianz's motion is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and
CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N.
AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL.
v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Turning next to Mr. Dellinger's testimony that Allianz designed its products
deceptively, the Court applies the same distinction described above.  In his capacity as an
actuary, Mr. Dellinger may testify about whether the construction of Allianz annuities
conceals the true operation of those annuities.[15]  Mr. Dellinger, however, may not take the
additional step of opining about Allianz's supposed intent to deceive.  <u>See, e.g.</u>, Dellinger
Report ¶ 2(i) ("Allianz deceptively constructs and sells annuity products . . . .");  <u>cf.</u> Fed.
R. Evid. 704 Advisory Commitee's Note.

### 2. Mr. Dellinger's Testimony about "Surrender Charges"

Allianz next moves to exclude any testimony by Mr. Dellinger about surrender
charges, on the grounds that plaintiffs do not claim surrender charges as damages.  For
the reasons explained above in section IV.F, in connection with Allianz's motion to
exclude all evidence regarding surrender charges, the Court declines to exclude this
evidence.  Furthermore, to the extent that Allianz objects to Mr. Dellinger's
characterization of surrender charges as "high" or "onerous" on the grounds of unfair
prejudice, the Court finds that such objections are better made in response to specific
testimony at trial.

### 3. Mr. Dellinger's Rebuttal Report

Finally, Allianz objects to certain opinions contained in Mr. Dellinger's rebuttal
report on the grounds that they are not proper rebuttal.  First, Allianz seeks to exclude §§
VI-VIII of Mr. Dellinger's rebuttal report on the grounds that they do not rebut the

---

[15] Allianz also argues that Mr. Dellinger should be precluded from testifying about
the allegedly deceptive design of Allianz annuities because plaintiffs have not asserted a
deceptive design claim.  The Court finds this argument unpersuasive: if the annuities are
designed so as to obscure their true operation, that design is relevant as, among other
reasons, circumstantial evidence of Allianz's intent to deceive.  It bears repeating, of
course, that Mr. Dellinger may not draw the inference from that circumstantial evidence
and opine directly about Allianz's intent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

testimony of any Allianz experts. See Fee Decl. Ex. 25 ("Dellinger Rebuttal Report") ¶¶ 224-253. Allianz relies upon Mr. Dellinger's deposition testimony, in which he stated, among other things, that "I'm not rebutting anything in [§ VI]." Fee Decl. Ex 4 ("Dellinger Deposition Vol. II"), at 401:13-14.

In response, plaintiffs cite Mr. Dellinger's deposition testimony that § VII of his report rebuts Allianz expert Mary F. Keller, and § VIII of his report rebuts Allianz Experts David Weinsier and Craig Merrill. Id. at 405:15–22, 406:21-407:4. Plaintiffs concede that § VI of Mr. Dellinger's report does not rebut Allianz experts, but argues that Fed. R. Civ. P. 37(c)(1) permits the admission of undisclosed expert opinions if the failure to disclose is either substantially justified or harmless.

The Court has reviewed these sections of Mr. Dellinger's rebuttal report, and concludes that they should be excluded. With regard to § VI, plaintiffs do not explain how their tardy disclosure was either substantially justified or harmless under Fed. R. Civ. P. 37(c)(1). With regard to § VII, the Court has previously excluded the testimony of Mary F. Keller, on the grounds that the Court will not allow testimony about insurance regulation.[16] See part II, supra. Similarly, § VIII concerns communications between Allianz and the Securities and Exchange Commission ("SEC") regarding the potential regulation of annuities. Again, the Court concludes that evidence regarding the regulation of annuities is inadmissible. See id.

Allianz also seeks exclusion of § III of Mr. Dellinger's initial expert report, on the grounds that it is not tied to Mr. Dellinger's opinion in this case. Specifically, Allianz argues that § III, which summarizes the demographics of the class, is inadmissible because Mr. Dellinger does not rely on those demographics in giving his opinions. In response, plaintiffs cite deposition testimony explaining how Mr. Dellinger relied on demographic information in calculating the "expense recovery adjustment." Fee Decl. Ex

---

[16] Accordingly, the Court also excludes attachment F to § 7 of Mr. Dellinger's rebuttal report. Attachment F is a time-line summarizing the contents of § 7, which outlines the "Evolution of Individual Deferred Annuities."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

3 ("Dellinger Deposition Vol. 2"), at 156:17-157:8. Accordingly, the Court declines to exclude this section.

Lastly, Allianz seeks to exclude portions of § IV of Mr. Dellinger's initial report, specifically paragraphs 25-37 and 41-42. Although it is somewhat unclear, it appears that Allianz objects to scattered statements about Allianz annuities being inappropriate for seniors. The Court agrees that this testimony is inappropriate. As discussed above in section III.H, plaintiffs' case does not turn on the characteristics of specific annuities purchasers. While the Court declines to strike these portions of Mr. Dellinger's report, plaintiffs' shall not offer testimony by Mr. Dellinger about the characteristics of seniors, or about how those characteristics affect the annuities-purchasing process.

      4.  Summary.

In accordance with the foregoing, the Court grants in part and denies in part Allianz's motion to exclude the testimony of Mr. Dellinger. Specifically, the Court excludes testimony from Mr. Dellinger about asserted misrepresentations in Allianz marketing materials and about Allianz's intent to deceive. The Court also excludes testimony connected to § VI-VIII of Mr. Dellinger's rebuttal report. Allianz's motion is otherwise denied.

**M. Motion to Exclude Testimony of Gordon Rausser**

Allianz moves to exclude the testimony of plaintiffs' rebuttal expert Dr. Gordon Rausser on the grounds that (1) his testimony is not proper rebuttal expert testimony, but instead an attempt to supplement the deficient expert testimony of fellow plaintiffs' expert Dr. McCann, (2) Dr. Rausser's testimony on the competitiveness of the annuities market is not sufficiently tied to the facts of this case, and (3) Dr. Rausser's testimony about whether Allianz's sales materials were misleading is not appropriate expert testimony. The Court considers each of these arguments in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

    1. Rebuttal testimony.

    Allianz first objects that, although Dr. Rausser is offered as a rebuttal expert, much of his testimony is not proper rebuttal.  As discussed previously, see section IV.A, supra, Dr. Rausser conducted two studies comparing the commissions Allianz paid to its sales agents with the commissions paid by sellers of other financial products, namely (1) other variable annuities and (2) mutual funds.  Allianz argues that these comparisons do not serve to "rebut" Allianz experts, but rather are a part of plaintiffs case-in-chief.  However, because plaintiffs did not disclose Dr. Rausser in their initial expert disclosures, Allianz contends that he should be excluded pursuant to Fed. R. Civ. P. 37(c).  In the alternative, Allianz requests that plaintiffs be limited to offering Dr. Rausser during their rebuttal case.

    The Court finds these contentions unpersuasive.  First, after reviewing Dr. Rausser's report, it does appear that Dr. Rausser's testimony is offered in rebuttal to Allianz experts criticizing the "reasonable commissions" benchmark adopted by Dr. McCann.  See, e.g., Rausser Report, at 7, 26-27, 39, 50-51.  Second, even accepting arguendo Allianz's contention that Dr. Rausser's testimony is not proper rebuttal testimony, the Court finds that plaintiffs' omission of Dr. Rausser from their initial disclosures was "harmless" under Fed. R. Civ. P. 37(c).  In particular, plaintiffs appear to have disclosed Dr. Rausser's report in early 2012.  Given that Allianz has had over a year to respond to Dr. Rausser's report, and has in fact taken Dr. Rausser's deposition, it is not apparent how Allianz has been prejudiced by any allegedly tardy disclosure.  Moreover, in the interests of minimizing any risk of jury confusion, the Court declines to require Dr. Rausser to testify during plaintiffs' rebuttal case.  See Fed. R. Evid. 611(a).  Whether viewed as supplemental or rebuttal testimony, Rausser's testimony should be offered during plaintiffs' case-in-chief because it contextualises Dr. McCann's conclusions regarding excessive commissions.

    2. Testimony about competitiveness of annuities market.

    Allianz next objects to Dr. Rausser's testimony about the competitivness of the annuities market.  In rebuttal to several Allianz experts who opine that the annuities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

market is competitive, Dr. Rausser opines that "the market for [Equity Indexed Annuities] was not competitive during the Class Period, and was largely dominated by Allianz." Rausser Report at 6. Allianz argues that Dr. Rausser's conclusion is not sufficiently tied to the facts of this case, as required by <u>Daubert</u>, 509 U.S. 579, and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999). In support of this argument, Allianz quotes several excerpts from Dr. Rausser's deposition, in which Dr. Rausser states that his conclusions are not based on "empirical facts" about the annuities market, but rather on "economic principles." Fee Decl. Ex 20 ("Rausser Dep.") at 125:5-11; <u>see also id.</u> at 120:23-25, 124:2-5.

The Court has reviewed Dr. Rausser's report, as well as Dr. Rausser's deposition, and finds Allianz's contentions unpersuasive. Dr. Rausser's attack on Allianz experts appears to pertain to the economic principles underlying the opinions and analyses offered by these experts. For example, Dr. Rausser opines that:

> Both Merrill and Cornell fail to recognize that whatever competition took place using commission rates was competition for the attention of sales agents who could and would drive issuer sales volume. Because these commissions were not disclosed, and were recovered directly from the policyholders, issuers such as Allianz had no economic incentive to control them. On the contrary, their economic incentives were best served by the rapid sales growth that high commissions were able to generate.

Rausser Report, at 6. Because these criticisms go to the "economic principles" underlying the opinions offered by Allianz experts, the fact that Dr. Rausser did not rely upon "empirical facts" does not mean that Dr. Rausser's opinions are not tied to this case.[17] If, as plaintiffs allege, Allianz experts rely on faulty economic premises, plaintiffs are entitled to rebut those premises through their own expert testimony. Accordingly, the

---

[17] Dr. Rausser appeared to be attempting to make this very point in the deposition testimony cited by Allianz. <u>See</u> Rausser Dep. 124:2-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Court concludes that Dr. Rausser's testimony on this subject is sufficiently tied to the facts of this case to be admissible under Rule 702. To the extent that Allianz objects to purported weaknesses in Dr. Rausser's testimony, that is a matter for cross-examination. See Primiano, 598 F.3d at 564

    3. Testimony about misrepresentations

Lastly, Allianz moves to bar Dr. Rausser from testifying that Allianz misrepresented its annuity policies. However, Allianz's motion does not specifically identify any portions of Dr. Rausser's report that purport to testify about whether Allianz marketing materials misrepresented Allianz annuities. See Mot. Dkt. 994 at 13-15. Furthermore, a review of Dr. Rausser's report does not appear to reveal any testimony to this effect. Accordingly, the Court declines to bar plaintiffs from introducing testimony that they do not purport to offer.

In accordance with the foregoing, Allianz's motion to exclude the testimony of Dr. Rausser is denied.

**N. Allianz's Motion to Exclude Testimony of Craig McCann**

Allianz moves to exclude the testimony of plaintiffs' expert Dr. Craig McCann on multiple grounds. The Court considers each argument in turn.

    1. Testimony about Out-of-Pocket Loss and Benefit-of-the-Bargain Damages

Allianz first argues that Dr. McCann's "out-of-pocket loss" model does not provide a reliable method for proving classwide causation. Similarly, Allianz argues that Dr. McCann's model improperly relies on a benefit-of-the-bargain theory of damages, which Allianz contends is unavailable in this case.

The Court has previously addressed these arguments at great length in its orders denying Allianz's renewed motion for summary judgment and previous motion to exclude Dr. McCann's testimony. Among other things, the Court found that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                              O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

- "[B]ased on Dr. McCann's analysis, a rational jury could determine that plaintiffs suffered losses as a result of their purchases of Allianz's annuities." Dkt. 805 at 16.

- "Plaintiffs here have provided sufficient evidence of out-of pocket losses taking place at the moment they purchased annuities from Allianz for a rational jury to conclude that plaintiffs suffered concrete injuries within the meaning of RICO." Id. at 18 (citing McCann declaration).

- "Dr. McCann's analysis is relevant for resolving whether and to what extent plaintiffs have suffered an injury within the meaning of RICO." Dkt. 804 at 13 n.7.

Additionally, in its order denying Allianz's motion to decertify the class, the Court concluded that "Dr. McCann has isolated the price increase or overcharge resulting from each misrepresentation independently, such that causation can be proven for each subset within the class." Dkt. 952 at 40.[18] The Court declines to revisit these issues.[19]

---

[18] Similarly, although Allianz contends that the Court has not yet addressed Dr. McCann's testimony in the context of plaintiffs' "alternative" theory of causation, the Court previously discussed the relevance of Dr. McCann's model to this alternative theory: "through their expert, Dr. McCann, plaintiffs have demonstrated that such an 'overcharge' allegedly resulted from Allianz's misrepresentations." Dkt. 929 (Decertification Order) at 27.

[19] For the same reason, the Court also denies Allianz's motion to exclude evidence and argument relating to plaintiffs' bonus misrepresentation claim. See Dkt. 973. As with Allianz's motion to exclude testimony by Dr. McCann, this motion seeks to relitigate issues concerning whether Dr. McCann's damages model comports with plaintiffs' theory of liability. Again, the Court declines to revisit these issues, which were addressed extensively in this Court's prior orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
| --- | --- | --- | --- |
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

2. Testimony about Commissions

Next, Allianz seeks to bar Dr. McCann from testifying about the alleged excessiveness of Allianz commissions.  First, Allianz argues that Dr. McCann has not proffered an adequate basis for the assumptions underlying his calculation of this excessiveness.  Allianz specifically contests Dr. McCann's use of a "reasonable commission" benchmark of "3% lower than the commissions actually paid by Allianz, subject to a commission floor of 5%."  McCann Report ¶ 66.  Allianz contends that Dr. McCann has not justified his choice of benchmark, and further lacks expertise on what constitutes a "reasonable" annuity sales commission.

In response, plaintiffs cite Dr. McCann's explanation of his choice of this benchmark:

> I assume that a reasonable sales commission and FMO compensation level for the Allianz products purchased by the Plaintiffs is 5%.  I base this assumption on several facts.  First, in response to requirements imposed by the NY Department of Insurance, Allianz paid agent commissions of only [REDACTED] (for ages up to 75) and an FMO override of only [REDACTED] for its MasterDex products sold to New York residents.  Second, a 5% sales commission is consistent with other low-cost annuity products sold by competitors of Allianz.  Third, a sales load of 5% is consistent with the low end of the range of expense charges associated with other retail financial products, such as low cost stock index mutual funds, bond funds and variable annuities.

Supp. McCann Decl. ¶ 93 (incorporated by reference into McCann Report ¶ 10) (footnotes omitted).  In light of this explanation, plaintiffs argue that Allianz's objections go to the weight, rather than the admissibility, of Dr. McCann's testimony.

The Court begins by noting that testimony about the sales commissions authorized by regulatory agencies will not be admitted.  See Part II, supra.  Beyond this, however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and<br>CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

the Court finds that Dr. McCann has offered enough support for his chosen benchmark to satisfy the threshold requirements of Rule 702. Although Dr. McCann's reasons for selecting this benchmark are not beyond dispute, "the reasonableness of the assumptions underlying the experts' . . . analysis, [or] criticisms of an expert's method of calculation [are] matter[s] for the jury's consideration in weighing that evidence." Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005) (quoting Humetrix, Inc. v. Gemplus S.C.A., 268 F.3d 910, 919 (9th Cir. 2001)) (alterations in original); see also Primiano, 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

Allianz also moves to preclude Dr. McCann from relying on the results of fellow plaintiffs' expert Dr. Rausser. In his rebuttal report, Dr. McCann "updated" his damages calculations based on the results of Dr. Rausser's studies comparing Allianz annuities to (1) mutual funds and (2) other variable annuities. See Fee Decl. Ex. 30 ("McCann Rebuttal Report") ¶ 48. Allianz argues that Dr. McCann may not serve as a mouthpiece relaying the opinions of another expert. In the alternative, Allianz asks that any testimony based on Dr. Rausser's results be limited to plaintiffs' rebuttal case. In response, plaintiffs argue that Dr. McCann simply "incorporated" Dr. Rausser's results to demonstrate that his own "initial damages estimate remains entirely reasonable and reliable in the face of Allianz's attack."

The Court finds neither party's position entirely persuasive. Although the Court has found Dr. Rausser's testimony to be admissible, see section IV.M, supra, plaintiffs are not entitled to put on that testimony through Dr. McCann. The Federal Rules of Civil Procedure "do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation." In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003); see also id. at 1013 (collecting cases). As such, the Court agrees with Allianz that Dr. McCann should be precluded from directly reciting Dr. Rausser's results, either during plaintiffs' case-in-chief, or during plaintiffs' rebuttal case.

On the other hand, Allianz has presented no authority for the proposition that Dr. McCann should be barred from testifying about how his calculations would change under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

different assumptions about the reasonable rate of commissions.  See, e.g., John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO, 913 F.2d 544, 559 (8th Cir. 1990) (holding that an expert could testify about multiple damages models because the "expert provided sufficient guidance by explaining the different assumptions upon which each model was premised"); Walker v. Soo Line R. Co., 208 F.3d 581, 589 (7th Cir. 2000) ("Experts are allowed to posit alternate models to explain their conclusion.").  The Court therefore finds that Dr. McCann may not testify directly about to Dr. Rausser's results, but may testify about how his own calculations would change under different assumptions.  Moreover, the Court declines to limit Dr. McCann's testimony on this subject to plaintiffs' rebuttal case—splitting up Dr. McCann's testimony in this fashion would risk confusing the jury.  See Fed. R. Evid. 611(a).

3. Testimony about Misrepresentation and Intent

Lastly, Allianz moves to bar Dr. McCann from testifying (1) that Allianz misrepresented its annuity policies or (2) that Allianz intended to defraud class members.  Allianz quotes a number of statements from Dr. McCann's expert report in which Dr. McCann opines that Allianz, for example, "systematically fails to disclose, or outright misrepresents, certain costs and features materially affecting the value of its deferred annuity products."  McCann Report ¶ 11(ii); see also id. ¶ 20 ("Allianz misrepresents to investors that its deferred annuities carry 'no sales charges' unlike competing investments.").  Allianz contends that this testimony will not assist the trier of fact, and is thus inadmissible under rule 702.  Plaintiffs respond that "as a financial economist who has studied and published papers analyzing the structure and operation of deferred annuities, it is altogether appropriate for Dr. McCann to opine whether the charges that he has identified are omitted or misstated by Allianz in its annuity contracts and marketing materials."  Opp. Dkt. 1079 at 27.

The parties' arguments on this issue track the arguments offered with respect to Allianz's motion to exclude similar testimony by another of plaintiffs' experts, Jeffrey Dellinger.  See section III.L, supra.  As such, the Court adopts the same approach as with Mr. Dellinger:  although Dr. McCann's expertise will assist the jury in understanding the structure of Allianz annuities, that expertise does not extend to evaluating the truth or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|----------|---------------------------------------------------|------|------------------|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

falsehood of marketing statements. Accordingly, although Dr. McCann may testify about, for example, whether Allianz annuities include a "sales charge," he may not testify about whether Allianz marketing materials misrepresent the inclusion of a sales charge. Similarly, Dr. McCann may testify about whether the construction of Allianz annuities conceals the true operation of those annuities, but may not take the additional step of opining about Allianz's alleged intent to deceive.

4. Summary

In accordance with the foregoing, the Court grants in part and denies in part Allianz's motion to exclude the testimony of Dr. McCann. Specifically, the Court excludes testimony from Mr. McCann about asserted misrepresentations in Allianz marketing materials and about Allianz's intent to deceive. The Court also excludes testimony reciting the results of Dr. Rausser's studies. Allianz's motion is otherwise denied.

**V. CONCLUSION**

In accordance with the foregoing, the Court finds and concludes as follows:

- Plaintiffs' motion to exclude certain RICO statutory terms, dkt. 975, is hereby GRANTED as to references to treble damages and attorneys' fees, and otherwise DENIED.

- Plaintiffs' motion to preclude evidence of consequences of adverse verdict, dkt. 977, is hereby DENIED without prejudice.

- Plaintiffs' motion to exclude any evidence concerning the approval of Allianz annuities by state insurance regulators, dkt. 979, is hereby GRANTED.

- Plaintiffs' motion to preclude Allianz from introducing live testimony of any Allianz witness not made available to plaintiffs in plaintiffs' case-in-chief, dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

982, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section III.C.

- Plaintiffs' motion to exclude the testimony of Mary F. Keller, dkt. 985, is hereby GRANTED.

- Plaintiffs' motion to exclude the testimony of Craig Merrill, dkt. 988, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section III.D.

- Plaintiffs' motion to preclude trial testimony of undisclosed witnesses, dkt. 1000, is hereby DENIED.

- Plaintiffs' motion to exclude testimony and report of Zvi Bodie, dkt. 1001 is hereby GRANTED.

- Plaintiffs' motion to exclude the testimony of Bradford Cornell, dkt. 1002, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section III.G.

- Plaintiffs' motion to exclude the testimony of Janice Wassel, dkt. 1003, is hereby GRANTED.

- Plaintiffs' motion to exclude the testimony of Amy Lynch, dkt. 1004, is hereby GRANTED.

- Plaintiffs' motion to exclude certain testimony of William Wilkie, dkt. 1005, is hereby GRANTED.

- Allianz's motion to exclude or limit evidence relating to "excessive" sales commissions, dkt. 972, is hereby DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

- Allianz's motion to exclude evidence and argument relating to plaintiffs' bonus misrepresentation claim, dkt. 973, is hereby DENIED.

- Allianz's motion to exclude the California and Vermont market conduct reports, dkt. 974, is hereby GRANTED.

- Allianz's motion to exclude the Dateline NBC video, dkt. 976, is hereby GRANTED.

- Allianz's motion to exclude the testimony of Vida Negrete, dkt. 978, is hereby GRANTED.

- Allianz's motion to limit evidence and testimony relating to non-Class policies and revisions to consumer brochures and SOUs, dkt. 980, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section IV.D.

- Allianz's motion to exclude the deposition testimony of Everett Ow is hereby DENIED.

- Allianz's motion to exclude testimony associated with surrender charges, dkt. 983, is hereby DENIED.

- Allianz's motion to exclude evidence of non-California regulatory proceedings, dkt. 984, is hereby GRANTED.

- Allianz's motion to exclude evidence relating to Brokers' Choice, dkt. 986, is hereby GRANTED.

- Allianz's motion to preclude testimony of absent class members, dkt. 987, is hereby DENIED without prejudice.

- Allianz's motion to exclude the testimony of Natalie Denburg, dkt. 990, is hereby DENIED as moot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-6838 CAS (MANx); and CV 05-8908 CAS (MANx) | Date | December 9, 2013 |
|---|---|---|---|
| Title | VIDA F. NEGRETE, ET AL. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ET AL. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

- Allianz's motion to exclude the testimony of Neil Granger, dkt. 991, is hereby GRANTED.

- Allianz's motion to exclude the testimony of Laura Tarbox, dkt. 992, is hereby GRANTED.

- Allianz's motion to exclude the testimony of Jeffrey Delinger, dkt. 993, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section IV.L.

- Allianz's motion to exclude the testimony of Gordon Rausser, dkt. 994, is hereby DENIED.

- Allianz's motion to exclude the testimony of Richard Baum, dkt. 995, is hereby GRANTED.

- Allianz's motion to exclude the testimony of Craig McCann, dkt. 996, is hereby GRANTED IN PART and DENIED IN PART, as discussed above in section IV.N.

    IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of the Preparer | | CMJ | |