UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 05-6838 CAS (MANx); and related case CV 05-8908 CAS (MANx) | Date | March 6, 2015 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:** (In Chambers:) OBJECTOR STEPHEN MADIGAN'S MOTION REQUESTING RECONSIDERATION OF ORDER APPROVING CLASS ACTION SETTLEMENT

On February 23, 2015, the Court held a Fairness Hearing concerning the proposed Class Action Settlement ("Settlement") in this matter, and tentatively indicated its intent to grant plaintiffs' motion for final approval of the Settlement. Dkt. 262.

Class member Stephen Madigan filed an objection to the Settlement on December 6, 2014. Dkt. 261. Prior to the Fairness Hearing, the Court was informed by plaintiffs' counsel that Madigan had withdrawn his objection. Although Madigan appeared at the Fairness Hearing and confirmed his withdrawal, he nonetheless requested leave to argue in support of his objection. Madigan subsequently explained in great detail why he believed the Settlement had less value than that attributed to it by the plaintiffs' expert, citing to the findings of his own retained expert witness, Terry M. Long, FSA, MAAA. Madigan now seeks reconsideration and requests an evidentiary hearing, at which he would present the testimony of this expert witness. Accordingly, Madigan requests that the Court reconsider its tentative approval of the Settlement.

Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 05-6838 CAS (MANx); and related case CV 05-8908 CAS (MANx) | Date | March 6, 2015 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. V. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7–18.

Here, Madigan has not presented the Court with any of the grounds for reconsideration set forth above. Instead, Madigan states that he "inadvertently failed to request of the Court that an evidentiary hearing be held." Motion at 2. This rationale does not support granting a motion for reconsideration.

Accordingly, because Madison's request finds no basis in Local Rule 7–18, the Court DENIES his motion for reconsideration of the order tentatively approving the Settlement.

IT IS SO ORDERED.

00 : 00

CMJ